[No. 3,777.]

# FREDERICK MASON AND JOHN BENSLEY v. ALEXANDER AUSTIN, TAX COLLECTOR OF THE CITY AND COUNTY OF SAN FRANCISCO.

| 46 | 385 |
| 86 | 82 |
| 46 | 385, |
| 105 | 179 |

ASSESSMENT ON SWAMP LANDS.—Lands, the title to which is vested in the State under the Act of Congress donating the swamp lands to the States, are not liable to the assessment in the City and County of San Francisco, levied under the order of the Board of Supervisors called Order Eight Hundred, which assessment was made to raise a fund to pay the possessors of outside lands dedicated to public use, the value of the lands so dedicated.

APPEAL FROM ORDER GRANTING NEW TRIAL.—Questions as to the sufficiency of the pleadings cannot be raised on an appeal from an order granting a new trial.

NEW TRIAL.—If the Court below is of the opinion that the evidence preponderates against the verdict, it is its duty to grant a new trial.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The " outside " lands, so called, in the City and County of San Francisco, lie between the corporate limits of the City of San Francisco, as defined by the Act to reincorporate said city, passed April 15th, 1851, and the Act to consolidate the government of the City and County of San Francisco, passed April 19th, 1856, and the Acts amendatory thereof. These lands were confirmed to the city and county by Act of Congress, passed March 8th, 1866. On the 14th of January, 1868, the Board of Supervisors of said city and county passed " Order No. 800," dividing these outside lands into blocks and lots, and laying out streets, and also a public park. These lands were then in the possession of private persons, and the order confirmed to the possessors the title, but required that an assessment should be levied on the land not taken for public use, to pay the possessors of the land taken for public use for the value of the same. This order was confirmed by two Acts of the Legislature passed in

1867–8. (See Laws 1867–8, pp. 379, 410.) The Collector of the said city and county was required to collect these assessments.

" Order No. 800 " will be found in the laws of 1867–8, p. 379. The first section of the order provided that "immediately after the passage of this order, the Board of Supervisors shall proceed to devise and adopt a plan for the subdivision into blocks and lots of all the lands not reserved to the United States, situated on the peninsula of San Francisco, and within the present corporate limits of said city and county, and above the natural ordinary high-water mark of the Bay of San Francisco and the Pacific Ocean, as the same existed on the 7th day of July, 1846, and without the corporate limits of the City of San Francisco, as defined in the Act to reincorporate the said city, passed by the Legislature of California on the 15th day of April, 1851, so far as said Board may deem such subdivision necessary; and to select and set apart for public uses such lots and portions of said land as said Board may deem necessary, subject to the limitations and provisions hereinafter in this order contained."

The defendant appealed.

The other facts are stated in the opinion.

*W. C. Burnett*, for Appellant.

*J. M. Seawell*, for Respondents.


By the COURT :


The plaintiff sued to recover the money which he had paid to the defendant, under protest, for assessments levied upon outside lands, under Order Number Eight Hundred, of the Board of Supervisors of the City and County of San Francisco, and the Act of the Legislature ratifying such order; and having recovered a verdict for only a small por-

tion of the amount sued for, he moved for a new trial, and the motion was granted, on the ground " that the verdict is against law, and that the evidence is insufficient to justify the verdict." The evidence tended to show that a large portion of the lands mentioned in the complaint were lands the title to which did not pass by virtue of the Act of Congress of March 8, 1866, but did vest in the State under the provisions of the Act of Congress of September 28th, 1850, commonly called the Arkansas Act; and from the order granting a new trial on the ground that the evidence was insufficient to sustain the verdict, it will be presumed that the Court was of the opinion that the evidence preponderated against the verdict on that issue. If the evidence thus preponderated, it was the duty of the Court to set aside the verdict. If the lands were of that character, they were not liable to the assessment levied upon them. The question presented here is whether the Court erred in granting the new trial on the grounds specified in the bill of exceptions, but questions as to the sufficiency of the complaint, or of the defenses pleaded by the defendant, do not arise on an appeal from that order.

Order affirmed.