[No. 9927.   Department Two.—April 19, 1888.]

## A. ONDERDONK, RESPONDENT, *v.* CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

APPEAL — ENTRY OF JUDGMENT. — An appeal from a judgment prior to its entry is premature, and will be dismissed.

STREET ASSESSMENT — SAN FRANCISCO — GRADING BAY STREET — GOVERNMENT RESERVATION. — Under the act of April 1, 1878, providing that the city and county of San Francisco should be liable for grading Bay Street, in front of the United States reservation, upon the refusal of the government of the United States to pay therefor, a refusal to pay, made by the general in command of the forces on the reservation, by the assistant treasurer of the United States, and by the Secretary of War, is sufficient to fix the liability of the city and county.

ID. — STATUTE OF LIMITATION. — An action to enforce the liability of the city and county for grading done in front of such reservation, under a contract providing for such work, is based either on a contract founded on an instrument in writing, or on an obligation or liability arising out of an assessment made in writing, both executed in this state, and consequently could not be barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, which relates to a contract, obligation, or liability not founded upon an instrument in writing, or upon an instrument in writing executed out of the state. A plea of such section, therefore, raises no issue.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*George Flournoy, Jr.,* and *John L. Love,* for Appellant.

*Whittemore & McKee,* and *D. H. Whittemore,* for Respondent.

FOOTE, C.—The appeal herein was taken from a judgment in favor of the plaintiff, Onderdonk, and from an order refusing to grant a new trial to the defendant, the city and county of San Francisco. The judgment was *entered* on the twenty-fourth day of January, 1885, the appeal was taken on the third day of November, 1884, which, being premature, must be dismissed upon the authority of *McLaughlin* v. *Doherty,* 54 Cal. 519.

The action was brought upon a contract to grade Bay Street, in the city and county of San Francisco, from the easterly line of Van Ness Avenue to Gough Street.

In the statement on motion for a new trial, the appellant, viz., the city and county of San Francisco above mentioned, assigned for error several particulars in which it claimed the evidence to have been insufficient to support the decision made and given, and wherein the court in making it did so "against law."

The first point, viz., that the evidence did not show the work to have been completed within the time provided in the contract, is abandoned, and need not be noticed.

It is next contended that under the provisions of the contract itself, the defendant was not liable.

The clause of the contract under discussion is as follows: "And it is agreed and expressly understood by the parties to this agreement that in no case (except where

it is otherwise provided in the acts aforementioned and referred to) will the said city and county of San Francisco be liable," etc.

The contract was made under and by virtue of "An act repealing article 4, of an act entitled 'An act to repeal the several charters of the city and county of San Francisco,' etc., approved the nineteenth day of April, 1856," etc.

The clause of the contract *supra* includes no exemption on the part of the city aforesaid to pay for improvements made of the kind sued for here, under any law which has become such since 1856.

The act authorizing the grading of Bay Street, for which this action is instituted, was approved on the first day of April, 1878, and has been held to be a modification of and supplemental to the general street laws then in force. (*Jennings* v. *Leroy,* 63 Cal. 397.)

According to the terms of that act, the board of supervisors of the defendant here were empowered to have the grading done for which the contract sued on was executed.

By the act to be found at page 148, acts of 1868, the board of supervisors of the city and county of San Francisco were authorized to pay for work of the kind done in pursuance of the contract sued on herein, provided the assessments therefor were made in accordance with law, and there is no specification in the statement that the assessment for the street improvement, here alleged to have been made, was not in pursuance of the law in such cases made and provided. So it would appear that the board of supervisors were authorized to have the grading done and to pay for the work, and that the defendant was liable on the contract as made, provided there be not some other bar to the action than the one just discussed.

It seems that the proviso was fully met, viz., that the refusal of the government of the United States, by its officers, to pay for such street improvements as this,

mentioned in the act of 1868, *supra,* was necessary before the city should pay for them; that such refusal to pay upon due application was made by the general in command of the forces of the United States in charge of the government reservation, in front of which the improvement was made; also by the assistant treasurer of the United States, who pays all moneys at San Francisco which are due from that government on proper requisitions; and by the Secretary of War, who is the head of the war department of the government, upon whose requisitions all moneys for army purposes are paid.    (U. S. Rev. Stats. 1878, secs. 214, 3673.)   And the reason of such refusal, as stated by the commanding general and the Secretary of War, was, that Congress had appropriated no money to pay for such improvement.

It is not perceived from what other officers of the government an authorized refusal could more properly come, or upon whom a more proper demand for payment could have been made.   Further, if there was no appropriation to pay for the improvement, no demand could cause its payment; it must of necessity have been refused payment, and as soon as the fact appeared, as it does in the record, that no money could be paid because none had been appropriated by Congress, there was an end of any further need for a demand that it be paid. The refusal to pay it must have been made by any officer of the government whatsoever, unless he paid it out of his own pocket, and that was not contemplated by the law.

The law seems to have been framed with a view that a demand be made on the proper officer of the government, so that if any appropriation had been made therefor, the city could get the benefit of it, and if there was no appropriation the city would pay and afterward the government could refund the money, which seems to have been done once before, when paving and curbing

was done by the city in front of government property. (Stats. at Large 1873–75, p. 409.)

The property, in front of which the improvement herein was made, appears to have been declared a military reservation under orders of President Fillmore, of date November 6, 1850, December 31, 1851, and has been held to be a valid reservation for military purposes. (*Grisar* v. *McDowell*, 6 Wall. 381.)

It was in the immediate charge of the then commander of the department of California, General Mc-Dowell, and the Secretary of War, who has control of all military posts, as is shown by reference to various acts of Congress, and the recognized rule laid down by other departments of the government. (1 Lester's Land Law, p. 692; 18 U. S. Stats. at Large, p. 85; 1 Copp's Land Laws, 117, 149, 155; 21 U. S. Stats. at Large, pp. 69, 198.)

It is urged that there should have been a new trial granted for a failure to find upon the defense of the statute of limitations under subdivision 1, section 339, of the Code of Civil Procedure. We find nothing in this subdivision referred to germane to the action. It relates to a contract, obligation, or liability not founded on an instrument in writing, or upon an instrument in writing executed out of this state. But in this case the action is based either on a contract founded on an instrument in writing or on an obligation or liability arising out of an assessment made in writing, both executed in this state; and whatever it may be, it is clear that the defense is not made out. A failure to find on such defense would then be an immaterial error, for which the order denying a new trial should not be reversed.

We perceive no error in the findings that the action was not barred by the provisions of sections 338–342, Code of Civil Procedure, nor does the appellant in its points and authorities contend to the contrary, although doing so in the assignment of errors.

The point made as to the sufficiency of the pleadings was evidently made under the supposition that the appeal from the judgment would be entertained here, but as that cannot be, the objections to the pleadings will not be considered on the appeal from the order refusing a new trial. (*Sheppard* v. *McNeil*, 38 Cal. 72; *Mason* v. *Austin*, 46 Cal. 385; *Jacks* v. *Buell*, 47 Cal. 163.)

For these reasons, the order refusing a new trial should be affirmed.

BELCHER, C. C., concurred.

HAYNE, C., concurred in the conclusion.

The COURT.—For the reasons given in the foregoing opinion, the order refusing a new trial is affirmed, and the appeal from the judgment is dismissed.

Hearing in Bank denied.