[No. 11299.   Department One. — May 5, 1888.]

WILLIAM WHEELER, RESPONDENT, *v.* CHARLES KASSABAUM, APPELLANT.

NEW TRIAL — ORDER GRANTING — SETTING ASIDE JUDGMENT. — An order granting a new trial operates to set aside the judgment.

ID. — APPEAL FROM ORDER DENYING NEW TRIAL — SUFFICIENCY OF COMPLAINT. — The sufficiency of the complaint cannot be considered on an appeal from an order denying a new trial.

APPEAL from a judgment of the Superior Court of Mariposa County, and from an order refusing a new trial.

The complaint alleged, in substance, that the plaintiff was engaged in the business of raising cattle for sale in the counties of Tuolumne, Merced, and Mariposa, and was the owner of and uses a brand " D. H.," in branding animals "required to be branded by" section 3167 of the Political Code, and that he caused the brand to be recorded in the office of the respective recorders of the three counties named; that he transferred his cattle to defendant as security, and delivered with them his branding-iron; that a receiver was appointed, and all defendant's claims having been satisfied, the cattle were turned over to the receiver and then to plaintiff; that defendant did not deliver to the receiver the branding-iron, nor did he after demand ever deliver "the said branding-iron" to plaintiff; that defendant has since

claimed to own both the brand and branding-iron, and is using it in branding "mules and other animals requiring a brand" under section 3167 of the Political Code, claiming the right to use it; that "plaintiff has long been and still is the owner of large numbers of cattle branded with said brand 'D. H.' which are running at large on the range with other cattle," and liable to become mingled with the defendant's cattle, and that it will be difficult to determine the ownership of said cattle; that defendant claims and "intends to claim many of the cattle of plaintiff" branded "D. H.," and "to put plaintiff to expense to establish his right to said brand," and is injured by defendant "so retaining possession of and so using the branding-iron . . . . so delivered to him, in damages not less than five hundred dollars"; and that pecuniary compensation would not afford adequate relief.   The prayer was, that the plaintiff be decreed to be the owner of the said brand, and the *prima facie* owner of all cattle found branded therewith; that the defendant be compelled to surrender the branding-iron to the plaintiff, and for damages in the sum of five hundred dollars.   Judgment was rendered accordingly in favor of the plaintiff, from which, and from an order refusing a new trial, the defendant appealed.   The further facts are stated in the opinion of the court.

*L. F. Jones, L. N. Jones,* and *Fox & Kellogg,* for Appellant.

*G. G. Goucher,* and *J. W. Congdon,* for Respondent.

McKINSTRY, J.—There is no evidence in the transcript to sustain the finding of five hundred dollars damages.   The order denying a new trial must therefore be reversed.

There are other portions of the judgment which are not justified by the evidence or findings, but as a judg-

ment falls upon the entry of an order granting a new trial, it is not necessary to indicate such portions of the judgment.

The appeal from the judgment has been dismissed, and the sufficiency of the complaint cannot be considered on the appeal from the order denying a new trial. (1 Hayne on New Trial, sec. 1; *Mason* v. *Austin,* 46 Cal. 385; *Jacks* v. *Buell,* 47 Cal. 162; *Onderdonk* v. *City of San Francisco,* 75 Cal. 534.)

It may further be suggested that the real question between the parties hereto was not the right to the possion of a branding-iron, but was as to the right to use a certain brand. If the right was exclusively in the plaintiff, equity alone could afford him effectual relief.

Order reversed and cause remanded, with directions to the court below to enter an order granting a new trial.

PATERSON, J., and TEMPLE, J., concurred.