[S. F. No. 2158. Department Two.—July 14, 1902.]

# D. LAMBERT, Respondent, v. EMMY MARCUSE et al., Appellants.

APPEAL—ORDER DENYING NEW TRIAL—SUFFICIENCY OF COMPLAINT.—The sufficiency of the complaint, and the question whether a demurrer thereto was properly overruled, cannot be considered upon an appeal taken alone from an order denying a new trial.

ID.—OBJECTIONS NOT URGED UPON MOTION.—Objections to the proceedings, which were not specified, and were not before the court at the hearing of the motion for a new trial, cannot be considered upon appeal from the order denying the motion.

ID.—STREET IMPROVEMENT—MACADAMIZING—OPTION OF CONTRACTOR— QUESTION OF COST—POWER NOT DELEGATED TO SUPERINTENDENT.— Under a contract for the macadamizing of a street, giving an option to the contractor to use either class A or class B rock for the gutters,—there being no difference in material, but only in its density or hardness, in the two classes,—it cannot be said, as matter of law, in the absence of proof, that there was any difference in the cost of the material; and the contract does not confer any power or discretion upon the street superintendent to change the material, or to require any material not provided for in the contract and specifications.

APPEAL from an order of the Superior Court of Alameda County denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion.

E. C. Robinson, and Louis H. Sharp, for Appellants.

Alexander G. Eells, and H. K. Eells, for Respondent.

CHIPMAN, C.—Foreclosure of street assessment lien. Plaintiff had judgment, and defendants appeal from the order denying motion for a new trial.

Defendants demurred to the complaint for insufficiency, and also on the ground of ambiguity and uncertainty. There is no appeal from the judgment, and the rule is, that the sufficiency of the complaint cannot be considered on an appeal from an order denying a motion for a new trial. (*Onderdonk* v. *San Francisco*, 75 Cal. 534; *Wheeler* v. *Kassabaum*, 76 Cal. 90; *Evans* v. *Paige*, 102 Cal. 132; *Bode* v. *Lee*, 102 Cal. 583.)

Appellant cites *Holland* v. *McDade,* 125 Cal. 353, (at page 356,) where it is said: "An appeal from an order denying a motion for a new trial is neither more nor less than a direct attack upon the judgment. This is its sole aim and purpose." And so it is in respect of certain consequences which flow from a reversal of the order,—for the judgment having no longer any support necessarily falls. But the proposition is not true as meaning that an appellant can have all the relief he may wish, in all cases, on an appeal from the order without appealing from the judgment. The question in *Holland* v. *McDade* was whether a stay bond was effectual to stay execution where there was no appeal from the judgment, and it was held that it was. There is nothing in that case which tends to weaken the rule as stated in the cases first above cited. It is true that it is also a rule that the question whether a complaint states a cause of action may be raised even where there is no demurrer, but that rule implies that the party appealing is in a position to raise the question. Upon hearing the motion, reference may be had to the pleadings (Code Civ. Proc., sec. 660); but as was said in *Bode* v. *Lee,* 102 Cal. 583, "This 'reference' to the pleadings is for the purpose of ascertaining the issues in the case and determining the correctness of any ruling of the court upon objection to the introduction of evidence on the ground that it was not within such issues; but whether the complaint is sufficient to support the judgment, or whether the court erred in overruling a demurrer to the complaint, can be considered only on an appeal from the judgment."

The court found generally that the allegations of the complaint are true. The specifications of error are therefore directed to the particular allegations of the complaint which are claimed to be unsupported by the evidence, and from which it is claimed to follow that the board was without jurisdiction. We are not called upon to notice errors not specified.

Specifications 1 and 2 relate to allegations that the warrant, assessment, etc., were duly recorded in the office of the superintendent, and also that the return made on the warrant, etc., was duly recorded in the margin of the record of said warrant, etc. No point is made in the brief as to these specifications, and we assume that they have been abandoned.

The remaining specifications are, that the "resolution of

intention refers to specifications which were adopted before the adoption of the resolution, and thereupon became a part thereof, which vests in the superintendent of streets a discretion to allow plaintiff to use either class 'A' or class 'B' rock for grouted gutters, and therefore said council never had jurisdiction to order said work''; that the resolution ordering the work referred to said specifications vesting such discretionary power in the superintendent, and so also did the specifications posted vest such discretion, by reason of all which the board acquired no jurisdiction to award the contract, and the contract was invalid.

The resolution provided that ''the gutters shall be stone gutters five feet wide and grouted.'' . Section 8 of the ordinance adopting specifications for guttering and the other work reads: ''Grouted gutters. The gutters shall be of the width called for in the resolution of intention to do the work. The rock used shall be of either class A or class B, and shall be at least six (6) inches in depth, and not more than four stones shall be laid to one square foot of area,'' etc., giving further and minute directions as to the construction. The ordinance classified the rock to be used in constructing gutters and other work into three classes, designated as class A, class B, and class C. The only difference between class A and class B was, that in class A the rock should ''lose by abrasion and fracture not more than fifteen per cent of its original weight when subjected to the test known as the rattler test, hereinafter described,'' and class B should by like test lose not more than twenty per cent. ''The rattler test consists in placing one hundred and twenty-five pounds of the macadamizing rock crushed to pass through a two and a half ($2\frac{1}{2}$) inch circular ring in the machine known as the rattler, . . . and revolved at the rate of not less than twenty-eight (28) revolutions per minute for 5,040 revolutions.'' Appellants' point is, that it was left to the discretion of the superintendent to say to the contractor which class should be used. And it is claimed that the specifications ''define two classes of material, different in kind, different in quality, and therefore different in cost, but the council left it to the discretion of the street superintendent to designate which class should be used.'' The contract gave the superintendent no power to change the material, nor did it give him any discretion to require

material not provided for in the contract and in the specifications. The option was given to the contractor to use either class A or class B rock. The material to be used was macadamizing rock, and the difference between the two classes was not in the material, but in the density, or hardness, of the rock. But whether there was any difference in the cost does not appear, and we cannot say, as matter of law, that there was any such difference. The difference in cost may, by reason of the situation of the rock in place, or the cost of quarrying of the two kinds, be practically equalized, so that it would become a matter of indifference to everybody concerned which class was used. Appellants make some other objections to the proceedings which were not specified and were not before the lower court at the hearing of the motion. They will not now be considered. (*Deady* v. *Townsend*, 57 Cal. 298; *Williams* v. *McDonald*, 58 Cal. 527.)

The order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Henshaw, J., McFarland, J., Temple, J.