[*Civ. No. 3386. First Appellate District, Division One.—March 30,
1921.*]

ANTON MADER, Respondent, v. JOHN H. CHRISTIE,
Appellant.

[1] DEFAULT—INSUFFICIENT COMPLAINT—VALIDITY OF JUDGMENT.—A
default judgment is not rendered void by reason of the fact that
the complaint does not state facts sufficient to constitute a cause
of action, unless it wholly fails to apprise the defendant of the
general nature of the plaintiff's demand, where the court has juris-
diction of the subject matter and of the parties.

[2] ID.—AMENDED COMPLAINT—TIME OF SERVICE—CONFLICTING EVI-
DENCE—FINDING—APPEAL.—Where there is a substantial conflict in
the evidence as to when the amended complaint in an action was
served, the appellate court is not at liberty to disturb the finding
of the trial court as to that fact.

[3] ID.—KNOWLEDGE OF ENTRY—MOTION TO VACATE—LACHES.—Where
a defendant, who was aware of the entry of his default within
two days thereafter, waits nearly eleven months before moving to
have the same vacated and set aside, at which time the judgment
had also been entered two months, his motion is not seasonably
made, and is properly denied.

[4] ID.—POWER OF COURT TO VACATE—SEASONABLE MOTION—TIME.—
When a judgment is not void upon its face, nor fraudulent, the
court has no power to set it aside on motion unless the motion is
made within a reasonable time, the limit of which is six months;
and the entry of the default fixes the beginning of the period
within which the motion to set aside the default and judgment
should be made.

[5] ID.—MOTION TO VACATE—GROUNDS—DELAY IN FILING MORATORIUM
AFFIDAVIT—APPEAL.—Where the fact that the moratorium affi-
davit was not filed before the entry of his default was not one
of the grounds of a defendant's motion to vacate a default judg-
ment, that objection may not be considered on an appeal from the
order made thereon.

[6] ID.—MORATORIUM AFFIDAVIT—TIME FOR FILING.—The filing of the
moratorium affidavit before the entry of the judgment is sufficient,
even though it is not filed before the entry of default.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. John Hunt, Judge.
Affirmed.

The facts are stated in the opinion of the court.

W. H. Schulte and Frank B. Austin for Appellant.

Thomas P. Wickes and Harry E. Michael for Respondent.

KERRIGAN, J.—This is an appeal from an order denying defendant's motion to set aside his default and the judgment entered thereon.

In the month of June, 1911, the plaintiff, through the alleged negligence of the defendant, suffered an injury necessitating the amputation of his left leg. About one year later he commenced an action against the defendant to recover damages therefor. At the trial of that action it appeared that plaintiff two days after the injury entered into a contract with the defendant whereby he released the defendant from all liability on account of said injury in consideration of the sum of sixty dollars, to be paid at the rate of five dollars a week, which agreement the court held to be binding, and accordingly directed the jury to return a verdict in favor of the defendant, which was done. An appeal was taken from the resulting judgment, pending which the defendant effected a compromise of the action with the plaintiff, without the knowledge of the plaintiff's attorneys, by the terms of which the defendant agreed to pay the sum of fifty-five dollars (being a balance due under the first agreement), and also the additional sum of five hundred dollars, and to procure permanent employment for the plaintiff, the latter on his part, agreeing to dismiss the appeal. Said appeal was accordingly dismissed.

Defendant, as in the case of the first agreement, failed to perform the terms of this new one, whereupon the plaintiff commenced the present action, alleging in his complaint, in addition to the facts just recited, that the defendant had fraudulently induced him to make the second contract, and that by reason of the defendant's failure to perform its terms plaintiff had sustained damages additional to those alleged in his complaint in his first suit. A demurrer was sustained to this complaint, whereupon plaintiff filed an amended complaint setting up further facts tending to meet the point of the demurrer to his first pleading, viz., that his cause of action was barred by the statute of limitations. This amended complaint was filed on Wednesday, November 6, 1918, and plaintiff claims that it was also served on that

day. In the forenoon of the 18th of said month, no pleading thereto having been filed or served, and no order or stipulation extending time therefor having been made, plaintiff caused defendant's default to be entered. Defendant, on the other hand, claims that the amended complaint was not served on him until the seventh day of November, so that the 17th falling on a Sunday, he had the whole of Monday, the 18th, to plead.

On August 29, 1919, the plaintiff filed a moratorium affidavit, and thereupon a judgment by default was entered against defendant. On October 31, 1919, the defendant moved to set aside the default and judgment entered thereon, which motion, after hearing, was on that day denied.

In support of his appeal from such order the defendant contends that the motion to set aside the judgment should have been granted for the reason that it is a nullity and void on its face, and that an examination of the evidence taken on the hearing of the motion shows that the amended complaint was served on November 7th, and that the default, entered on the 18th, was for the reason already given premature, and the judgment based thereon unauthorized and void.

[1] The claim of the appellant that the judgment is void on its face is grounded on the theory that the complaint fails to state sufficient facts to constitute a cause of action.

There is no merit in this contention; but even if the complaint were open to this objection it would not follow that the judgment is void unless it wholly failed to apprise the defendant of the general nature of the plaintiff's demand (*Christerson* v. *French*, 180 Cal. 525, [182 Pac. 27]), and it is not seriously claimed, nor can it be held, that the complaint fails in this regard.

[2] Upon the other ground upon which the appellant claims that the judgment is void, it is sufficient to say that there is a substantial conflict in the evidence as to when the amended complaint was served, so that we are not at liberty to disturb the finding of the court as to that fact (*Norton* v. *Atchison, T. & S. F. Ry. Co.*, 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]), even if we were so inclined, which we are not.

[3] Again, it appears that the defendant, who was aware of the entry of his default within two days thereafter, waited nearly eleven months before moving to have the same vacated and set aside, at which time the judgment had also been entered for two months. His motion, therefore, was not seasonably made, and was properly denied. When the invalidity of a judgment does not appear upon its face a motion to set it aside must be made within a reasonable time, not exceeding six months. (*People* v. *Thomas,* 101 Cal. 571, [36 Pac. 9].) When a judgment is not void upon its face, nor fraudulent, the court has no power to set it aside upon motion unless the motion is made within a reasonable time, the limit of which is six months; but in such a case resort should be had to an independent action. (*People* v. *Temple,* 103 Cal. 347, [37 Pac. 414].) [4] And the entry of the default fixes the beginning of the period within which the motion to set aside the default and judgment should be made. (*Title Ins. Co.* v. *King Land Co.,* 162 Cal. 44, [120 Pac. 1066].)

Finally, the defendant claims that the moratorium affidavit not having been filed before the entry of his default, such entry was void, and afforded no valid basis for the subsequent entry of judgment against him.

[5] There are several answers to this contention, the first of which is that this was not one of the grounds of the motion to vacate the judgment, and, therefore, may not now be considered on an appeal from the order made thereon. (*Lambert* v. *Marcuse,* 137 Cal. 44, [69 Pac. 620].) [6] Secondly, the affidavit having been filed before the entry of the judgment, it was seasonably filed according to the language of the act itself, which in part provides: "If there shall be a default of an appearance by the defendant the plaintiff, before entering judgment, shall file in the court an affidavit," etc. And, finally, it nowhere appears that the defendant was in the military service, or that he was in any way prejudiced or at all affected by the fact that said affidavit was not filed prior to entering default.

The orders appealed from are affirmed.

Richards, J., and Waste, P. J., concurred.