[S. F. No. 11164. In Bank.—February 7, 1927.]

HUNT, MIRK & CO., INC. (a Corporation), Appellant, v. HESPERIDES MINING COMPANY (a Corporation), Respondent.

[1] JUDGMENTS—DEFAULT—MOTION TO VACATE—TIME—SECTION 473, CODE OF CIVIL PROCEDURE.—Under section 473 of the Code of Civil Procedure, a motion to vacate a default on the grounds therein enumerated must be made within a "reasonable time," not exceeding six months; and the clerk's entry of the default, and not the entry of the judgment by the court, fixes the beginning of the six months within which the application must be made.

---

(1) 34 C. J., p. 258, n. 99, p. 260, n. 1.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a default judgment. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

E. D. Knight for Appellant.

D. P. Eicke, Frank G. Warren, William Grant and J. B. Zimdars for Respondent.

THE COURT.—This appeal was placed upon a special calendar of this court upon an order to the respondent to show cause why the judgment herein should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of said cause upon said calendar, and the entry of said order, it appeared that the appellant's brief had been filed herein, but that no brief on behalf of the respondent had been filed, although the time for the filing of such brief under the rules of this court had long since expired. The appeal herein is from an order of the superior court in and for the city and county of San Francisco setting aside and vacating a default judgment theretofore entered in the above-entitled action against the defendant Hesperides Mining Company, a corporation. An examination of the record reveals that the clerk of said superior court duly entered the default of the Hesperides Mining Company on June 19, 1922, for failure to appear and plead within the time allowed by law. Thereafter and on November 9, 1923, the default of the other defendant, H. B. Patterson, was likewise and for the same reasons entered by said clerk. On the same day a judgment of default was entered by said superior court as against both defendants. Subsequently and on January 4, 1924, the defendant Hesperides Mining Company filed a notice of motion to vacate and set aside the default judgment theretofore entered against it. This notice, though inartificially worded, may be interpreted to indicate that said motion would be made under and pursuant to the provisions of section 473 of the Code of Civil Procedure. On February 4, 1924, the motion to vacate and set aside the default judgment entered against said defendant Hesperides Mining Company was made in open court, and, after submission, was granted on the following day. This appeal was thereupon taken.

[1]    The appellant's contention touching the asserted abuse in the discretion exercised by the trial court is without merit.    However, under the provisions of section 473 of the Code of Civil Procedure, a motion or application to vacate and set aside a default on the grounds therein enumerated must be made within a "reasonable time" not exceeding six months.    The authorities declare that "the clerk's entry of the default, and not the entry of the judgment by the court, fixes the beginning of the six months within which the application must be made." (*McLain* v. *Llewellyn Iron Works*, 56 Cal. App. 58, 59 [204 Pac. 869]; *Mader* v. *Christie*, 52 Cal. App. 138, 141 [198 Pac. 45]; *Title Ins. Co.* v. *King Co.*, 162 Cal. 44, 46 [120 Pac. 1066].)    It is readily apparent from the above chronological statement of the case that the application to vacate and set aside the judgment entered herein was made approximately twenty months after entry by the clerk of the respondent's default, and, therefore, not within the time prescribed by law.

For the foregoing reasons the order appealed from is hereby reversed.