GREAT AMERICAN INSURANCE COMPANY, Petitioner, v. DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1687.—Argued June 4, 1947.—Decided July 9, 1947.

Hugh R. Francis and Vicente M. Ydrach for petitioner. Celestino Iriarte, F. Fernández Cuyar, and H. González Blanes for intervener, plaintiff in the main action.

---

Mr. Justice De Jesús delivered the opinion of the Court.

In an action brought.in the lower court by Jacinta Figueroa against Joaquín Rivera and the Great American Insurance Co., civil case No. 2253, the clerk notified the court in writing that no steps had been taken since July 2, 1943. Pursuant to Rule 3 of the District Courts, an order was issued granting the parties a period of ten days to set forth the reasons why the case should not be dismissed for abandonment. A copy of this notice was attached to the record on August 1, 1945. The parties did not appear and on the 17th of the same month judgment was rendered dismissing the case. On July 11, 1946, Attorney Luis A. Archilla, in representation of the plaintiff, filed a motion in the lower court seeking to vacate the judgment thus rendered. The court did not dispose of this motion, whereupon on the 30th of the same month plaintiff reproduced it. The same was granted on August 27 following. On September 17 the defendants in said action, relying on Rule 60(*b*) of Civil Procedure, moved that the order of August 27, 1946 be set aside and that the judgment of August 17, 1945, wherein the dismissal of the case for abandonment was ordered, be reinstated.

After a hearing, the lower court denied defendant's motion on December 4, 1946, and left in force its aforesaid order of August 27, 1946. To review this order the Great American Insurance Co. has brought this certiorari proceeding.

■■ In the present case, as we have seen, judgment was rendered on August 17, 1945, and the motion seeking to set it aside was filed on July 11, 1946, almost 11 months after its rendition. The Rules of Civil Procedure went into effect on September 1, 1943. Consequently, at the time the judgment was rendered the applicable law to determine the power of the court to vacate it was Rule 60(*b*) of Civil Procedure invoked by petitioner, which, insofar as pertinent, provides:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order or pro-

ceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. *The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."* (Italics ours.)

This rule springs from § 473 of the Code of Civil Procedure of California from which § 140 of our code was taken.[1] The Federal jurisdictions, in applying Rule 60(*b*), have followed the cases of that State construing said Section. Like the California cases, the Federal courts maintain that in case of inadvertence, mistake, surprise, or excusable neglect, the courts have no power to vacate a judgment when the motion seeking said remedy had not been filed within a reasonable time, not exceeding six months after the judgment was rendered. *Wallace* v. *United States,* 142 F.(2d) 240 (C.C.A. 2d. 1944); *Oliver* v. *City of Shattuck,* etc., 9 Fed. Rules Serv. 60b.51, Case 3; 3 Moore's Federal Practice, p. 3277 and Moore & Rogers, Federal Relief From Civil Judgments; 55 Yale 623.

█ In *González* v. *Aldarondo,* 47 P.R.R. 147, this Court, applying § 140 of our Code of Civil Procedure to an ordinary case of excusable neglect, said:

"We are of the opinion that six months set out in the Code of Civil Procedure is not an absolute limitation on the power of the court but that in extraordinary cases the court may act. We should not reverse the action unless we were convinced of an abuse of discretion and we are not convinced of such abuse. The distinction to be made is that where the order is made within six months it would take a very strong conviction of abuse of discretion to reverse, but the action of the court might be more readily reversed if the attempted correction took place outside of the six months."

This decision, besides not being supported by the language of § 140 of the Code of Civil Procedure is in conflict with the repeated decisions of California, wherein § 473 of its code is construed. *Phillips* v. *Trusheim,* 156 P.(2d) 25 (Cal.

---

[1] Section 473 of the California Code of Civil Procedure has been amended subsequent to its adoption by our Legislature, but such amendments do not affect the question under consideration.

532

1945); *Hunt, Mirk & Co.* v. *Patterson,* 253 P. 317 (Cal. 1927); *Hinds* v. *Superior Court of Los Angeles County,* 223 P. 422 (Cal. 1924); and *Smith* v. *Pelton Water Wheel Co.,* 90 P. 934 (Cal. 1907).

One of the aims pursued by the adoption of the Rules of Civil Procedure is the uniformity in the decisions construing the same. This is one more reason for not following the *González* case, *supra,* as to the point here considered.

The order under review should be annulled.