[Civ. No. 18928. Second Dist., Div. Three. July 14, 1952.]

EUGENE F. EVARTS et al., Appellants. v. R. REESE MYERS et al., Respondents.

Eugene F. Evarts and Monrova S. Evarts, in pro. per., for Appellants.

Brown & Garrie and Lyman B. Sutter for Respondents.

VALLÉE, J.—Plaintiffs brought this action to set aside the sale of a parcel of realty made on foreclosure of a deed of trust after default. Plaintiffs are the trustors, defendant Title Service Company, the trustee, and defendant R. Reese Myers, the beneficiary, named in the deed of trust. Defendants answered, Title Service Company filing a cross-complaint seeking instructions and declaratory relief. The court found the foreclosure proceedings were fairly and lawfully conducted, that plaintiffs have no interest in the property, and directed delivery of the trustee's deed to the purchaser. Plaintiffs, appearing in propria persona, appeal. They were represented below by R. C. W. Friday, Esquire, now deceased.

The deed of trust was executed March 14, 1947, and recorded May 23, 1947. On September 22, 1947, plaintiffs being in default, foreclosure proceedings were commenced. They were cancelled in February, 1948. On July 29, 1948, plaintiffs again being in default, new foreclosure proceedings were commenced. These were cancelled in March, 1949. On October 13, 1949, plaintiffs again being in default, the trustee, at the request of the beneficiary, recorded a notice of default and election to sell. The notice of default and election to sell were sent to each of the plaintiffs by registered mail on October 15, 1949. Plaintiffs refused to accept the notices and they were returned to the trustee marked "Refused and unclaimed." On January 12, 1950, the trustee gave plaintiffs a statement of the amount of money necessary to pay in full the note secured by the deed of trust. No payment was made and no tender of any amount has been made. Notices that the sale would take place at 11 a. m. on February 20, 1950, were posted and published as required by law and the deed of trust. Plaintiffs had knowledge of the time and place of the sale. On February 20, 1950, at 11 a. m., the sale was called at the place designated in the notices, and continued for one-half hour to give plaintiffs full opportunity to attend and submit bids. At 11:30 the sale was had.

The action was originally set for trial on January 22, 1951; and on December 21, 1950, notice of trial was given to plaintiffs and their attorney. On January 22 the trial was con-

tinued to February 26, 1951, and on that date notice thereof was given to plaintiffs and their attorney. On February 26, 1951, no court being available, the trial was continued to March 13, 1951, and notice thereof was given to plaintiffs and their attorney on March 5, 1951.

On Tuesday, March 13, 1951, the cause was called for trial. Neither plaintiffs nor their attorney were present. The court stated he had a telegram from Mr. Friday stating he was on trial in a three-day case, that he could not go to trial in the present case until March 20 or 21, and that he also had a telegram from one of the plaintiffs stating they were unavoidably detained in Arizona. The trial was continued until 1:30 that afternoon.

At 1:30 Mr. Friday appeared, moved for a continuance, in support thereof presented a telegram from plaintiffs to the effect that they were detained in Arizona on bankruptcy matters, and said they were attempting to get a new loan. He stated that plaintiffs had been in his office the previous Friday and "to my surprise they wanted to go to Arizona. I said, 'It certainly ought not to be necessary for both of you to go over there to Arizona.' I figured if one were here and we were in a circumstance that had to be taken care of, at least one of them would be here to give some evidence." The motion for continuance was denied. Mr. Friday introduced evidence on behalf of plaintiffs and cross-examined the witnesses for the defendants.

Plaintiffs first urge that the court erred in denying their motion for a continuance. There was no error. No legal cause was shown for a continuance. The second point urged is that the trustee failed to notify plaintiffs of the default and sale. The record is to the contrary. The third point urged is that the trustee refused to give plaintiffs a statement of the amount necessary to pay the delinquency. The uncontradicted evidence is that the trustee gave plaintiffs such a statement. The fourth point urged is that defendants claimed a deficiency which, in fact, did not exist, and refused to continue the sale until plaintiffs could be furnished with a statement of the total cost of reinstatement. There is no evidence to support this contention.

Plaintiffs next urge that there was some sort of a collusive agreement between the beneficiary and one Ward to deprive them of their rights. Ward had contracted with them for purchase of the property. There is no evidence whatever to support this claim.

■ It is next asserted that plaintiffs were denied due process of law. Plaintiffs were entitled to have the cause tried and determined under the same rules of procedure as are applied to other similar cases. This they were accorded, and they have no ground to complain that due process of law was not observed.

■ The briefs of plaintiffs, no doubt because they appear in propria persona, are largely made up of matters outside the record. This court may not consider such matters. No error or ground for reversal is shown.
Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.