[Civ. Nos. 19170, 19271.   Second Dist., Div. One.   Dec. 2, 1952.]

C. J. JONES, Respondent, v. EUGENE F. EVARTS et al.,
Appellants.

Elon G. Galusha for Appellants.

John G. Clock and Clock, Waestman & Clock for Respondent.

DRAPEAU, J.—Both of these appeals arise out of the same action and have been consolidated for decision by this court.

The appeal in No. 19170 is from orders denying (1) motion to set aside a default; and (2) motion to permit inspection of documents.

The appeal in No. 19271 is from the judgment entered subsequent to the default.

The record on appeal is incomplete in that the pleadings are not included. However, findings of fact which are the basis of the judgment appealed from disclose:

That plaintiff owned a piece of realty in Long Beach subject to an F.H.A. loan for $3,416.77, evidenced by a trust deed. In August of 1944, he sold this property to defendants for $4,400. Under the purchase agreement, defendants were to assume the trust deed, pay $300 in cash and the deferred balance of $683.23, with interest at 6.6 per cent per annum. Monthly payments on both the trust deed and the deferred payments were provided for until full payment of the latter. At that time, defendants' liability for payment of the trust deed was to be substituted for plaintiff's liability therefor, after defendants had obtained approval of F.H.A. Failure to so perform was to result in cancellation of the provision for assumption of the loan as a part of the purchase price. Defendants paid until June 2, 1948. On August 26, 1948, they were notified in writing by plaintiff of cancellation of the assumption clause in the agreement, at which time plaintiff demanded payment to him of the sum of $3,336.34 in monthly payments. Defendants refused and failed to comply with the terms of the notice.

The usual judgment quieting title in plaintiff followed. This was entered on February 20, 1952. In the meanwhile, the default of defendant Eugene F. Evarts was duly entered, to wit: on March 6, 1951.

Trial was had on January 25, 1952. On that date, defendants' motion to set aside default on the ground of mistake, surprise and incapacity of their attorney, was argued and denied. On January 28, 1952, the following minute order was made: "Motion of defendant to set aside default against defendant and motion of defendant for order permitting inspection of accounts and documents come on for hearing and are ordered off calendar."

■ Since no order was ever made denying appellants' motion to permit inspection of documents, that appeal should be dismissed.

The default herein was taken on *March 6, 1951*. According to respondent's brief, "On *November 21, 1951*, appellant Eugene F. Evarts, gave a notice of motion to set aside his default, which he set for hearing on December 4, 1951, and on that day appeared in person, argued his motion, and it was denied." That proceeding is not included in the record now before this court.

However, the clerk's transcript herein discloses that on *January 14, 1952*, said appellant filed notice of motion to set aside the default taken against him together with an affidavit of merit and proposed answer. When the cause was called for trial on January 25, 1952, this motion was the first matter disposed of. It was denied by the trial court.

■ Application for relief under section 473, Code of Civil Procedure "must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

■ In the instant case, "the trial court could not relieve defendant from the entry of the default because the motion under section 473 was not made within six months after the entry of default. (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 917 [156 P.2d 25]; *Hunt, Mirk & Co., Inc.* v. *Hesperides Mining Co.*, 200 Cal. 383, 384 [253 P. 317]; *Title Ins. & Trust Co.* v. *King Land & Imp. Co.*, 162 Cal. 44, 46 [120 P. 1066].)" *Bowman* v. *Bowman*, 29 Cal.2d 808, 813 [178 P.2d 751, 170 A.L.R. 246]. This for the reason that the motion under consideration was not noticed until more than 10 months had elapsed after the default was taken. And the application for relief made on November 21, 1951, was not made until more than eight months after entry of said default.

On their appeal from the judgment quieting title to the property in respondent, appellants urge:

1. That the court erred in overruling the first part of the demurrer;

2. That the court should have sustained the second part of the demurrer;

3. That this court is not bound by the trial court's interpretation of certain documents;

4. That the court should have ruled that a tender of a deed by the seller was necessary to quiet the title;

5. That there was no conflict in the evidence, hence the findings are merely conclusions of law, and not binding on this court.

▮ As hereinbefore stated, the record on appeal is incomplete. It contains neither a copy of the complaint nor of the demurrer directed thereto. It does not contain any documents which this court might interpret. There is no reporter's transcript of the evidence presented at the trial, and in the absence thereof, it must be assumed that such evidence was sufficient to support the findings of fact.

▮ As stated in *Evarts* v. *Myers,* 112 Cal.App.2d 210 [245 P.2d 1119] : "An appellate court will not consider statements in briefs which are made up of matters outside the record."

For the reasons stated, the appeal from the purported order denying motion to permit inspection of documents is dismissed; the order denying appellants' motion to set aside the default, and the judgment appealed from are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 29, 1952, and appellants' petition for a hearing by the Supreme Court was denied January 22, 1953.