[Civ. No. 24365. Second Dist., Div. Two. June 30, 1960.]

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY (a Corporation), Respondent, v. MILES H. INDERMILL et al., Appellants.

Conrad & Conrad for Appellants.

Gene E. Groff, McCormick & Mordoff for Respondent.

FOX, P. J.—This was an action to recover money paid by plaintiff to its assured for damages alleged to have been caused by the negligent construction of a building by defendants. The court rendered judgment in favor of plaintiff for $6,608.04. Defendants have appealed.

Walter S. Graf entered into a contract with defendant Indermill to build a residence for him. The terrain was hilly, sloping down toward the back of the house and away from the street. Plans and specifications were submitted on behalf of Graf. These called for the drilling of caisson holes for support of the rear of the house. Indermill employed Gossman and Gossman to do the cement and concrete work, which included the foundation and caissons. Indermill was advised that the house would be on filled ground. Therefore, the depth to which the caissons would have to be drilled and poured was unknown. Consequently, the construction contract between Graf and Indermill contained a provision for adjusting the foundation costs according to the actual required linear feet of drilling. A Los Angeles county building ordinance provides that caissons must go a minimum of 12 inches into natural soil when construction is on filled ground. After the caisson holes were completed they were inspected by a county building inspector, who measured the depths of the holes and approved them for

the pouring of concrete. Indermill made no inspection of the soil prior to the excavation for the caissons nor did he make any inspection of the holes except for depth. This latter information was necessary in order to determine the cost of the excavation work for the caissons. After the building was completed it settled, and certain repair work became necessary in order to put the building into proper condition. After being advised that the building had settled, Indermill employed an engineering firm to make soil investigations. Access holes were drilled adjacent to four of the caissons and a soil engineer was lowered into the holes to observe soil conditions. He observed that loose fill and foreign matter extended below the bottom of three of the caissons and that none of them were constructed on load-bearing soil. The cost of the repairs was $6,608.04, which was stipulated to be a reasonable price therefor. Graf paid for these repairs and was reimbursed in that amount by plaintiff under its contract of insurance. Plaintiff thereupon brought this action as subrogee and assignee to recover the amount thus paid.

This case was pleaded on the theory of negligence, tried on that theory and, according to the findings of fact, decided on that theory. The evidence clearly supports such findings. ■ Defendants were under a duty to use reasonable care in the construction of the building. This duty included a reasonable examination of the soil condition where the excavations were to be made for the caissons, and reasonable inspection of the holes after the excavation had been made, in order to determine whether or not they had gone through the filled-ground and had penetrated the load-bearing ground for the required depth. (See *Dow* v. *Holly Mfg. Co.*, 49 Cal.2d 720 [321 P.2d 736].) The evidence establishes that the foundation caissons were constructed in a defective and insufficient manner and created a condition which caused the building to settle; that the defendants did not reasonably test the condition of the soil, nor inspect the holes for the caissons, nor attempt to determine whether the caissons were placed on proper load-bearing ground. Their negligence in these respects was clearly the proximate cause of the damage to the building. Actually, the defendants do not challenge any findings on the theory that they are lacking in adequate evidentiary support.

Defendants' first point is that the standard of care with which the trial court charged them is not consonant with the law. This contention is based upon certain asserted remarks made by the trial judge at the time the court denied defend-

ants' motion for a new trial. It is claimed that the court placed the defendants in the position of an insurer and charged them with an insurer's standard of care. The remarks of the trial judge are not in the record before us. The law is clear that a reviewing court cannot properly consider matters that are not disclosed by the record. The fact that the material is contained in the briefs does not aid the appellants' cause. "This court cannot . . . act upon a mere assertion of an appellant in his brief as to matters not shown by the record, and reverse a judgment of the trial court thereon." (*County of Nevada* v. *Phillips,* 111 Cal.App.2d 428, 430 [244 P.2d 495].) *Evarts* v. *Myers,* 112 Cal.App.2d 210, 213 [245 P.2d 1119], and *Jones* v. *Evarts,* 114 Cal.App.2d 496, 499 [250 P.2d 671], are to the same effect.

Defendants' second contention is that the trial court erred in holding that defendants had no right to rely upon the approval of the county inspector. They assert that the uncontradicted evidence established that it is the custom and usage in the construction industry in Los Angeles County to depend and rely upon the recommendation and approval of the county inspector as to the depth of caisson holes; that no work can progress until the inspector has made his inspection and given his approval to proceed. It seems to be defendants' position that such evidence established their freedom from negligence as a matter of law. However, they give too much significance to compliance with custom. The correct rule on this point is stated in *Reagh* v. *San Francisco Unified School District,* 119 Cal.App.2d 65, at page 70 [259 P.2d 43] : "Evidence of custom in the same trade or occupation is admissible for the consideration of the jury but it is not conclusive on the question of what constitutes ordinary care. Conformity to 'the general practice or custom would not excuse the defendant's failure unless it was consistent with due care.' (Citations.)" This identical statement of the rule is repeated in *Jensen* v. *Southern Pacific Co.,* 129 Cal.App.2d 67, 73 [276 P.2d 703].

 The fact that the building inspector testified that he measured the depth of the caisson holes, that they were in conformity with the building code, and that he authorized the pouring of the cement, would not relieve defendants from their duty to exercise due care in the examination of the character of the soil, as to whether the holes penetrated the required depth into solid ground and were reasonably adequate for the support of the contemplated structure. (*Wukaloff* v. *Malibou Lake Mountain Club,* 96 Cal.App.2d 147 [214 P.2d 832] ; *Goss*

v. *Fanoe*, 114 Cal.App.2d 819 [251 P.2d 337].) It is therefore clear that defendants could not exculpate themselves from liability as a matter of law merely by complying with the custom in the trade or by relying upon the approval of the building inspector.

 Finally, defendants contend that in finding them negligent the trial court found negligence as a matter of law rather than as a matter of fact. We find no support for this contention in the record. The pretrial conference order states that it appears from the joint pretrial statement that the only issue to be tried in this action is that of negligence. This was obviously a factual issue. The evidence at the trial was directed to this issue as a fact, and, in the findings of fact, the court found that the defendants "negligently" constructed the foundations and underground support of said dwelling. This is clearly a factual determination of the issue of negligence.

The judgment is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.