[Civ. No. 6994.   Fourth Dist.   Oct. 14, 1963.]

J. K. STICKNEY, JR., Plaintiff and Appellant, v. JOHN NEMIR, et al., Defendants and Respondents.

Stickney, Ortlieb & Woodworth and Douglas R. Woodworth for Plaintiff and Appellant.

Ray Miller, Thomas Whelan and Frank A. St. Sure for Defendants and Respondents.

BROWN (Gerald), J.— This is a dispute between adjoining landowners. For convenience J. K. Stickney, Jr., plaintiff, cross-defendant and appellant will be called plaintiff. His wife, Elizabeth Lee Stickney, cross-defendant, has not appealed. Defendants, cross-complainants and respondents, Joseph Nemir and Marjorie Nemir, will be referred to as defendants. The case involves a triangular piece of property at the northwest corner of plaintiff's land over which defendants claimed prescriptive easement rights of travel which plaintiff sought to block by erecting a fence. This created a square corner rather than a rounded corner which prevented the passage and turning of long vehicles and trailers.

Plaintiff's complaint alleged ownership in certain property in which defendants claimed an interest that they did not have; furthermore, that defendants threatened to tear down a fence which plaintiff had recently erected on the triangular piece of property, which, if done would cause plaintiff irreparable damage. Plaintiff's prayer sought to quiet title to the property, and to enjoin defendants from any adverse action respecting the fence.

Defendants' answer admitted that plaintiff was the owner of the property, but claimed that for more than five years it had been subject to a roadway easement favoring defendants as to: (1) 25 feet on the north side, (2) 20 feet on the west side, and (3) the triangular piece, the legal description for which was set forth. It was alleged, however, that *"the only portion of the easement over the aforesaid Stickney lands for roadway purposes which is immediately pertinent to the instant action"* is that concerning the triangular piece. Defendants then claimed that they possessed this easement over the roadway, including the triangle which had been fenced off by plaintiff, by prescriptive right acquired over a period of 50 years or more. Defendants also claimed that they were entitled by way of necessity to the continuing use of the roadway.

By cross-complaint defendants alleged irreparable damage caused by plaintiff's fencing off the triangle. They sought removal of the fence, and damages which resulted because the fence prevented house trailers from negotiating the turn.

Plaintiff answered the cross-complaint stating that the 25-foot easement on the north was not plaintiff's property, but was on the land of the owner to the north. Plaintiff claimed to have given a 20-foot road easement on the west side of his property connecting with the 25-foot easement on the north, by deed, to defendants' predecessor in interest under which the grantees had agreed to keep the roadway in a good state of repair at no expense to the grantor and to maintain liability and property damage insurance in sums satisfactory to the grantor. Plaintiff then claimed that the road had been kept in a poor state of repair, and that no insurance was provided, for which breaches the easement should be cancelled. Plaintiff denied that there was a triangular sized easement, and alleged that defendants' sole right to use the plaintiff's land for road purposes was limited and confined to "the 20 foot easement on the westerly" side of plaintiff's property. By way of amendment to the original complaint filed at the time of the pretrial conference, plaintiff set out

another cause of action relating to defendants' breach of their covenants to repair the roadway and maintain insurance, the contents of which had been recited in plaintiff's answer to the cross-complaint.

The pretrial statement submitted by plaintiff said: "The controversy here involved relates to a 'triangle' of land at the northwest portion of plaintiff's property, . . ." Nothing was mentioned about determining the location of the roadway on the westerly side of plaintiff's property. The pretrial order to which no exception was taken, states: "Plaintiff brings action to quiet title to a parcel of property known as the 'triangle' and located at the northwest corner of his property." The order stated that plaintiff sought to enjoin the defendants from using the triangular parcel, and that plaintiff complained because defendants had not carried out covenants contained in a certain easement deed dated July 7, 1958. It was pointed out that defendants denied plaintiff's right to quiet title and claimed an easement by prescription or implication across "said triangular strip of property," and that defendants claimed damages for plaintiff's having sealed off the triangular parcel by erecting a fence. Eight issues were then set forth in the pretrial order, five of them relating to the triangular parcel, the other three providing:

"4. What are the extent and limitations of the use of the existing roadway easement over the westerly 20 feet of the Stickney property?

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"7. Have defendants complied with the covenants contained in the deed of July 7, 1958, and if not, was such compliance a condition precedent to their use and enjoyment of the use of the westerly 20 feet of the Stickney property?

"8. Are defendants estopped to claim an easement either by prescription or implication by their predecessors' [Fears] acceptance under deeds dated April 27, 1956 and July 7, 1958?"

The case was tried without a jury. Judgment was entered favoring defendants in substance, holding that they owned a roadway easement across the triangular portion of plaintiff's land. The plaintiff was required to remove the fence from the triangle and was restrained from placing a fence there. Defendants were ordered to maintain the roadway in good condition and repair and furnish plaintiff with liability and property damage insurance in substantial sums. Defendants

were also awarded compensatory damages of $1.00 and were denied exemplary damages. Except for a restraint upon defendants from erecting a sign or advertising upon plaintiff's land, the plaintiff received nothing through his complaint.

Appellant contends on appeal that the court failed to make any provision in the judgment with respect to the width of the easement over the westerly portion of his property, and erred by refusing to quiet title as he prayed in his complaint, subject only to a roadway easement over the westerly 20 feet of appellant's property in conformity with the admitted allegations of the complaint and cross-complaint.

█ No reporter's transcript of the trial has been presented to us, and all intendments must therefore be indulged in to support the judgment. █ It is quite apparent from a review of the clerk's transcript, the pleadings and the pretrial order, that reference to the westerly 20-foot roadway easement was for the sole purpose of identifying the roadway and not an attempt to describe its exact location.

It appears that the plaintiff sought to enlarge the issue, which had been confined to the triangle, to include a determination that the roadway was confined to the westerly 20 feet of his property. The court recited in its findings, however, that it was not its intention to ''set forth or adjudicate the existence of an easement for roadway purposes over any portion of the Stickney lands save and except that portion thereof which is embraced by the pleadings in this case and within the confines of the issues determined upon pretrial.''

█ It is apparent from the pleadings, pretrial order, findings and judgment that the reference to the 25-foot roadway to the north and the 20-foot roadway on the west side of plaintiff's property were for the purpose of relating them to the claimed triangular easement, in order to show that the triangular piece over which an easement was claimed was not isolated from access. The allegations with respect to the westerly roadway were merely to show that a road was there. No material issue was created by these allegations, and the fact that plaintiff admits that there was such a roadway on the westerly side of his property did not establish its exact location.

Plaintiff next asserts that defendants are estopped by their pleadings to contend that the roadway on the west is located in any place other than the westerly 20 feet. As stated above, the pleadings contained no material allegations respecting the exact location of the westerly roadway, and the principle of estoppel does not apply.

■ Plaintiff next asserts that the westerly roadway easement was established in exact location by certain deeds. These deeds, however, were found to lack consideration. Plaintiff shows no error of the trial court as a matter of law in this respect. Again, the transcript of the evidence is not before us, and it must be presumed that there was substantial evidence supporting the court's finding that the deeds were lacking in consideration and not binding on defendants. (*Jones* v. *Evarts,* 114 Cal.App.2d 496 [250 P.2d 671].)

The last contention of plaintiff is that the court failed to incorporate in the judgment requirements that defendants bear the burden of maintaining the roadway in a reasonable state of repair. The judgment provides for this, as recited above.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.