[Civ. No. 5306.   Second Appellate District, Division Two.—July 23, 1929.]

L. V. VATCHER, Respondent, v. V. M. EGAS et al., Defendants; UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Appellant.

John B. Haas and John D. Home for Appellant.

William Ellis Lady for Respondent.

CRAIG, J.—On February 20, 1925, the respondent recovered judgment upon a promissory note executed by the defendant V. M. Egas, and indorsed by the defendant J. E. Roman-Checa. On February 21, 1925, upon an affidavit reciting that execution had been issued, but that collection was impossible, although the defendants had property, and that the defendant Roman-Checa was about to depart from the jurisdiction, and to abscond and thus avoid process, he was arrested. On the date last mentioned bail was fixed in the sum of $1100, the amount of said judgment, whereupon the appellant furnished in his behalf an undertaking which provided as follows:

" . . . we, United States Fidelity and Guaranty Company, a Maryland corporation, as surety hereby undertake that the said J. E. Roman-Checa will appear and will at all times hold himself amenable to the order and process of the court and will appear for such further proceedings in the above entitled action as may be had in accordance with law and the rule of the above entitled court, or if he fails to perform either of these conditions, that we will pay to the People of the State of California the sum of eleven hundred and 00/100 dollars, lawful money of the United States."

The defendant was thereupon released from custody and immediately left the state. An order for his examination in supplementary proceedings was issued, directing that the sheriff serve the same upon J. E. Roman-Checa personally, or, if he could not be found, that it be served upon the surety, which latter service was made for the reason already stated. The company appeared from time to time, and after numerous continuances an order was entered forfeiting said undertaking to the People of the State of Cali-

fornia, for the use and benefit of the plaintiff, from which order the surety appealed.

■ Appellant contends that it should have been exonerated, for the reason that the defendant was released without a date certain being specified for his appearance, and that personal service of an order so to appear was necessary before the principal could legally be held in such default as to create a liability upon the undertaking. Section 715 of the Code of Civil Procedure, relied upon by appellant, provides in part: "Upon being brought before the judge, he may be ordered to enter into an undertaking, with sufficient surety, that he will attend from time to time before the judge or referee, as may be directed, during the pendency of proceedings and until the final termination thereof, and will not in the meantime dispose of any portion of his property not exempt from execution."

This section affords a complete answer to appellant's contention, because in furnishing an undertaking that he would appear and "at all times hold himself amenable to the order and process of the court and will appear for such further proceedings in the above entitled action as may be had" the surety assumed the burden of paying the amount specified if the principal should fail to "attend from time to time . . . as may be directed." Both the statute and the undertaking contemplated future proceedings, orders and process, whereas the defendant created and the surety permitted the precise contingency for which the obligation was demanded and provided. The word "process" in the statute is singularly significant in the present instance, because it signifies the understanding that the person released will hold himself available to the process of the court. Appellant undertook to assure the court that Roman-Checa would attend from time to time as might be directed. The fact that a date had not previously been set or personal service effected is, from the very nature of the situation, material, since he was bound to obey future orders, although he rendered them impossible to serve by voluntarily placing himself beyond the court's jurisdiction.

■ It is further urged that Roman-Checa was thereafter indicted in this state, and was in the custody of a sheriff in Louisiana awaiting extradition upon order from which he appealed, and that this also was a ground for

requiring the exoneration of the surety. It has been held in certain criminal cases cited by appellant that under a bail bond providing for the surrender and commitment of the principal, his arrest and incarceration elsewhere releases the surety from liability. However, the reasoning already employed herein applies equally in this respect, since the defendant by absconding, and by effectively invoking such legal procedure of a foreign state as to prevent his return to hold himself amenable to the orders of local tribunals, gave rise to the contingency against which the surety obligated itself to the people of this state. *County of Los Angeles* v. *Maga,* 97 Cal. App. 688 [276 Pac. 352], is squarely in point. It was there held that, the accused having voluntarily left the jurisdiction, the sureties were liable, and the fact of arrest in other proceedings did not exonerate them.

The order appealed from is affirmed.

Thompson (Ira F.), J., concurred.

Works, P. J., being absent, did not participate in this opinion.