[Civ. No. 9823. Second Appellate District, Division Two.—May 31, 1935.]

ELECTRIC EQUIPMENT COMPANY (a Corporation), Respondent, v. HERBERT S. HEINEMAN, Executor, etc., et al., Defendants; WILLIAM PRENTISS, Jr., as Administrator, etc., Appellant.

V. P. Lucas for Appellant.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondent.

WILSON, J., *pro tem.*—This is an appeal from a judgment in an action for unlawful detainer. A husband and wife engaged in business as partners. The husband, H. D. Mc-

Rae, died, and the surviving wife, Margaret McRae, conducted the business until her death. Thereafter her executor, by leave of court, continued the operation of the business, and for that purpose leased a store from respondent on a month to month basis. Default was made in the payment of rent and this action resulted. Judgment for possession of the premises and for unpaid rent went in favor of the plaintiff and against William Prentiss, Jr., as administrator with the will annexed of the wife's estate, he having been substituted in the place of the executor after the making of the lease.

The ground of appellant's appeal is that the assets and liabilities of the partnership remained a separate and distinct entity after the death of the last partner, and that the court erred in rendering judgment against the estate of the last surviving partner for the rent of the premises occupied while the business was operated by the executor.

■ When a partnership is dissolved by the death of one of the partners its assets, debts and credits remain distinct from those of its late members. The surviving partner should proceed to wind up the affairs of the partnership, pay its debts out of the assets and divide the residue, if any, among those who are entitled thereto. ■ Here the partnership, which was carried on under the fictitious name of H. D. McRae Company, was dissolved on July 31, 1931, by the death of the husband. The surviving partner operated the business under the same name until her death on March 15, 1932, after which her executor continued to conduct the same business until May, 1933. The trial court found that the respondent had no knowledge of the previous partnership or of the fictitious name under which the business was operated. The respondent, therefore, dealt with the executor as it would have dealt with the personal representative of any other decedent, looking, as it was entitled to do, solely to the estate and its assets for payment of the rent.

The trial court did not find, as asserted by appellant, that the rent due under the lease was not a partnership liability, nor that the estate of H. D. McRae was not liable to the estate of Margaret McRae for its proportionate share of the rent, but found that the estate of Margaret McRae, through its executor, had the use of the premises, and that as between the respondent and the estate of Margaret McRae the indebtedness was that of the latter.

The respondent's brief would have been of greater assistance to the court if the points had been separately stated under appropriate headings as required by rule VIII. Furthermore, statements of purported facts that do not appear in the transcript of the record should not be made in briefs. They are not only of no benefit but actually impede the court by causing a search for nonexistent matters.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1935.