THE PEOPLE, Plaintiff and Respondent, v. LEE DURBIN,
Defendant and Appellant.

Jack Galen Whitney and Joseph Joblin for Defendant and
Appellant.

Henry A. Dietz, County Counsel, Duane J. Carnes and
Stanley Friedman, Deputy County Counsel, for Plaintiff and
Respondent.

GRIFFIN, P. J.—Defendant-appellant Lee Durbin was
charged with a criminal offense on May 19, 1961, in the
Superior Court of San Diego County and bail was set at
$5,250.   It was posted by the execution of two bonds by
National Automobile and Casualty Insurance Company, by
their agent Homer Rushing.   On August 16, 1961, the date
set for trial, defendant did not appear and the bail was

ordered forfeited. On September 22, 1961, the agent, Rushing, made oral motion to set aside the forfeiture and followed it with a written motion filed on November 22, 1961. The hearing was continued to and was held on January 5, 1962, and the motion was denied. The appeal is by defendant Lee Durbin from this order. Although no appeal was taken by the bail agent, the same questions it raised are here answered.

On the hearing, it was shown that Durbin had been arrested in Longview, Texas on August 19, 1961, for investigation of robbery and escaped that same day or the next day, masquerading as another prisoner; that he was again arrested in September 5, 1961, in Natchez, Mississippi and released on September 12 in connection with that arrest for bunko. He was again arrested in Memphis, Tennessee on September 22, 1961. On the third arrest, for armed robbery in Memphis, Tennessee on September 22, 1961, there was a conviction and he was sentenced to 10 years on the charge. Following the date of his last arrest, defendant remained in the custody of the state authorities of Tennessee, both while awaiting trial on the charge and after judgment and imposition of sentence to the penitentiary. It therefore appears that subsequent to the forfeiture involved in this action on August 16, 1961, he was at large and subject to recapture by the bail for the period from August 16, 1961, to September 5, 1961, with the exception of some part of August 19, 1961. He was again at large during the period between September 12, 1961, and September 22, 1961.

The transcript recites that Rushing appreciably assisted the F.B.I. office and that he materially effected the apprehension of Durbin by informing the F.B.I. office as to his whereabouts, because the bail bondsman had about $30,000 at stake.

Respondent, County of San Diego, does not contend that there was any connivance or misconduct on the part of the bail. Appellant seeks to make it appear that Penal Code, section 1305, permits the court to set aside a forfeiture of bail if at any time within the 90-day period the accused is incarcerated in any jail, anywhere. Penal Code, section 1305, provides:

"But if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court may direct the for-

feiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"If within said 90 days after such entry in the minutes, it be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days, and that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

These facts bring the case directly within the holding in *People* v. *Houle,* 153 Cal.App.2d Supp. 894 [316 P.2d 100]. It was there held that a defendant who was detained by civil authorities for less than 90 days from the date of an order forfeiting his bail does not qualify under the provision in Penal Code, section 1305, authorizing discharge of such order if his failure to appear within 90 days resulted from his detention by civil authorities, since such provision contemplates that there was no day within such 90 days on which he was not so detained.

Counsel for appellant claims that this is not the law of this state, and argues that *People* v. *Meyers,* 215 Cal. 115, 118 [8 P.2d 837], holds that the state, acting through its officers in one county, cannot hold the sureties on a bail liable for failure to perform, when such performance is delayed, hindered and finally, for all practical purposes, made impossible, by the state acting through its officers in another county. It also held that the:

". . . *mere arrest and incarceration* of a person released on bail does not exonerate the bail, if the accused is at liberty subsequently and at the time he is required to appear on the first charge. In such case performance by the sureties is possible. [Citation.] If, however, he is still *in custody* at the time of the hearing on the first charge, the liability of the sureties is, under some of the authorities, *suspended,* and under others, wholly *exonerated.* But all are substantially in accord on the point that during the custody the surety cannot perform and the bail cannot be forfeited."

Appellant also relies upon the dissenting opinion in *Seaboard Surety Corp.* v. *Municipal Court,* 208 Cal. 596 [283 P. 289].

It does not affirmatively appear from the section being construed and its historical background that the bail

has an automatic vested right under the section to 90 days' time after forfeiture in which to produce a willful defaulting defendant and to be thereby relieved of the forfeiture. The section provides that if a defendant neglects to appear *for trial* when required, *without sufficient excuse,* the court must direct the forfeiture. But if at any time within 90 days, defendant and his bail appear and *satisfactorily excuse* the defendant's negligence to thus appear for trial, the court *may* direct the forfeiture of the undertaking to be discharged upon just terms, and that if, within said 90 days, it appears *to the satisfaction of the court* that the defendant is dead, or, by reason of his detention by civil authorities, defendant fails to appear in court *at any time* during said 90 days, the court *may* direct the forfeiture to be discharged.

The word *"may"* is used and not *"must,"* clearly denoting a discretion on the part of the judge exercising jurisdiction over the proceeding. Government Code, section 14, provides:

" 'Shall' is mandatory and 'may' is permissive." Section 5 thereof provides: "Unless the provision or the context otherwise requires, these general provisions, rules of construction, and definitions shall govern the construction of this code."

See *In re Covina Argus-Citizen,* 177 Cal.App.2d 315 [1 Cal. Rptr. 184]. In 27 A. Words and Phrases (permanent ed.) at page 674, it is said:

"The ordinary meaning of 'shall' or 'must' is of mandatory effect, while the ordinary meaning of 'may' is purely permissive in character.

"        .    .    .    .    .    .    .    .    .    .    .    .

"Where neither the clear intent of the Legislature nor public policy requires that the language of a statute shall be given a mandatory construction, the word 'may' therein is not equivalent to 'must.'. . .

"While word 'may' is sometimes construed as equivalent to 'must' in statutory construction, such interpretation is proper only where sense of entire enactment requires it or it is necessary to carry out legislative intention."

45 California Jurisprudence 2d 658, 659, section 157, provides that: ". . . although 'may' is ordinarily permissive, it may be construed to be mandatory where the object to be attained compels such a construction, or where that construction is necessary to give effect to the legislative intent or

policy or is required by the context. Thus, where rights are dependent on the exercise of a power conferred, and the public or third persons have a claim de jure to have the power exercised, 'may' may take on a mandatory meaning. In the absence of such special circumstances, however, the word should not be interpreted as mandatory, but as merely permissive or conferring discretion.''

See also *People* v. *Balt*, 78 Cal.App.2d 171 [177 P.2d 362]; and *Department of Social Welfare* v. *Wingo*, 77 Cal.App.2d 316 [175 P.2d 262], where it was held that the word ''may'' is permissive and not mandatory. ■ *People* v. *Wilcox*, 53 Cal.2d 651 [2 Cal.Rptr. 754, 349 P.2d 522], also relied upon by appellant, holds that the determination of a motion to set aside an order of forfeiture of bail is entirely within the discretion of the trial court, not to be disturbed on appeal unless a patent abuse appears on the record. It might therefore appear that the contrary is true, that not to set aside an order of forfeiture under the facts related was entirely within the discretion of the trial court, not to be disturbed on appeal unless a patent abuse appears on the record.

■ The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. (*People* v. *Wilcox, supra*, 53 Cal.2d 651; *People* v. *Walling*, 195 Cal.App.2d 640, 645 [16 Cal. Rptr. 70].)

■ From the facts presented to the trial court, it affirmatively appears that defendant's absence on the day of the trial was inexcusable. He fled the *jurisdiction of the court* and surreptitiously disappeared, failing to advise the court or his bail of the reason for his absence. He apparently did not exercise good faith, nor did he attempt to justify his actions at that time. He was at liberty and able to report for several days prior to his first arrest and incarceration. He immediately surreptitiously gained his freedom again for several days, during which time he could have sought the relief here desired, but instead he committed another offense for which he was subsequently arrested and incarcerated. We are convinced that the refusal of the trial court to set aside the forfeiture, under the circumstances related, was a discretionary matter and the court's action did not amount to an abuse of discretion. (*Vatcher* v. *Egas*, 100 Cal.App. 99, 101 [279 P. 1029]; *County of Los Angeles* v. *Maga*, 97 Cal.App. 688, 691 [276 P. 352]; 4 A.L.R.2d 446, 449.)

Apparently the trial judge did consider all of the facts

before him and did not decide the question solely on the effect of the decision in *People* v. *Houle, supra,* 153 Cal.App.2d Supp. 894, but also on the merits and did exercise his discretion in the matter. He remarked, ''Now, if I had discretion to set this bond aside in this case, I wouldn't exercise it, because I don't think he is entitled to any consideration—as far as the defendant is concerned—so if I had discretion I wouldn't set it aside.''

Order affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.