35 Cal.Rptr. 680]

[Crim. No. 8968.   Second Dist., Div. One.   Dec. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT S. WOJICK, Defendant and Appellant.

Robert W. Stanley for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Gordon W. Treharne, Deputy County Counsel, for Plaintiff and Respondent.

LILLIE, J.—Defendant appeals from an order denying his motion to vacate forfeiture of bail. He contends that at the time of his arrest and at all times subsequent thereto he was in active service as a member of the United States Navy (aboard the U.S.S. Yorktown); that being so, the trial court was assertedly without jurisdiction to declare a forfeiture because of certain provisions of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. App.), referred to hereinafter as the ''Act.''

The record reveals the following facts: On October 29, 1962, defendant failed to appear in court to enter his plea to an information charging the commission of two felonies; according to the permanent minutes of that date, bail was forfeited and a bench warrant ordered (though not issued) and the matter thereupon continued to November 7, 1962. On the above continued date (according to the minutes), defendant again was not present; bail was forfeited and a bench war-

rant "ordered and issued." On February 6, 1963, counsel for defendant moved the court for an order vacating for-feiture. After two hearings, the motion was finally denied on February 20, 1963.

It is provided by section 1305 of the Penal Code that a motion to vacate an order of forfeiture must be made within 90 days. Although defendant's motion was not filed within that period, the Act extends "the time for moving to vacate to within 90 days after termination of active military service [citation]" (*People* v. *Walling*, 195 Cal.App.2d 640, 645-646 [16 Cal.Rptr. 70]), and the full import of the federal statute must be given recognition. In view of the above provision, defendant now argues that the order of for-feiture was void and that the court is without authority to enforce such order. The contention is without merit, both from the standpoint of jurisdiction and the procedure followed below.

Section 512 of the Act declares in part that its "provisions ... shall ... be enforced through the usual forms of proce-dure obtaining in such courts [federal or state] or under such regulations as may be by them prescribed." Section 1305 of the Penal Code provides that if, without sufficient excuse, defendant neglects to appear upon any occasion when his presence in court is lawfully required, the court *must* direct the forfeiture of bail money or undertaking. If at any time within 90 days, defendant and his bail appear and satis-factorily excuse the defendant's negligence to thus appear, the court *may* direct the forfeiture to be discharged upon such terms as may be just. In the *Walling* case, where there were claims not dissimilar to those at bar, the court said: "By Penal Code sections 1305 and 1306, the court in which [defendant's] case was pending was given the duty to hear and determine the questions regarding forfeiture of the bail posted ... This is the 'usual procedure' referred to in said section 512 of the Act." (P. 647.) Likewise, as in *Walling*, there is nothing in the record which suggests that there was any lack of notice to appear for his plea on the designated date (October 29, 1962); to the contrary, the permanent min-utes affirmatively disclose that defendant was present in court with appointed counsel on October 24, 1962, when the taking of his plea was continued for one week. Under the circumstances "The court clearly had jurisdiction of the per-son and subject matter involved. It followed the procedure outlined by statute. It heard and determined the question

before it under direct authority of statute with the parties and the subject matter fully before it." (*People* v. *Walling, supra,* at pp. 647-648.)

▇ There is still another reason why the order appealed from must be affirmed. To receive the protection accorded by the Act, the defendant concerned must establish that he was in *active* military service. Except for certain statements in appellant's brief and an oral representation by his counsel at the time of the hearing of the motion, the record is devoid of any showing that Wojick was on active duty, either aboard the Yorktown or elsewhere. ▇ Furthermore, even if the fact of active service had been established, it would have been insufficient in the absence of a showing that such service prevented his appearance in court at the designated time. (*People* v. *Walling, supra,* at p. 646.) Appellant relies on *United States* v. *Jeffries,* 140 F.2d 745; but in that case there was not the time element that confronted the court in the present proceeding. ▇ Finally, as noted earlier, trial courts are given discretion in these matters by the use of the word "may" found in the governing statute. *People* v. *Wilcox,* 53 Cal.2d 651, 656 [2 Cal.Rptr. 754, 349 P.2d 522], holds that the determination of a motion to set aside an order of forfeiture of bail is entirely within the discretion of the trial court and not to be disturbed on appeal unless a patent abuse appears on the record. Appellant has not brought up a record which makes any such showing.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.