[Civ. No. 32658.   Second Dist., Div. Five.   Apr. 29, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. UNITED BONDING INSURANCE CO., Defendant and Appellant.

Zide & Zide and Thomas Zide for Defendant and Appellant.

John D. Maharg, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

AISO, J.—The appellant, United Bonding Insurance Company, an Indiana corporation (hereafter "United"), appeals from an order entered February 9, 1967, denying its motion to set aside the forfeiture of bail which it had posted on behalf of the defendant in the principal criminal action, People v. Jackie Kenneth Donaldson, Los Angeles Superior Court No. 311362 .We conclude that the order should be affirmed.

## I.

■ Forfeiture of bail being an independent proceeding, civil in nature and collateral to the criminal action, the time within which to file the notice of appeal is that prescribed for appeals in civil cases. (*People* v. *Meidell* (1963) 220 Cal.App. 2d 105, 107 [33 Cal.Rptr. 564].) United filed a timely notice of appeal. (Cal. Rules of Court, rule 2 (a).) No notice of entry of the order, either from the court clerk or the People, appears in the record.

The notice of appeal further states that Jackie K. Donaldson, defendant in the criminal action, and Joey Dorando, the bail agent, also appeal from the order. However, they are not parties of record to this collateral civil proceeding. Although United's counsel signed the notice of appeal on behalf of these two nonparties, as well as on behalf of United, counsel filed a brief only on behalf of the latter. Normally only parties of record to the proceeding below may appeal. (*Eggert* v. *Pacific States Sav. & Loan Co.* (1942) 20 Cal.2d 199, 201 [124 P.2d 815] ; *People* v. *Grant* (1872) 45 Cal. 97, 99 ; *Estate of Partridge* (1968) 261 Cal.App.2d 58, 62 [67 Cal.Rptr. 433] ; *People* v. *Arthur Murray, Inc.* (1965) 238 Cal.App.2d 333, 338 [47 Cal.Rptr. 700].) The attempted appeals of Jackie K. Donaldson and Joey Dorando therefore are dismissed.

The appeal is before us on the clerk's transcript only. United's notice to the clerk designating matters to be included in the record on appeal stated, inter alia, "to prepare a transcript of the oral proceedings, if any, had in connection [with the order denying vacation of bail forfeiture] on June 22nd, 1966; August 19th, 1966; September 15th, 1966; December 15th, 1966; February 1st, 1967; February 9th, 1967; and February 21st, 1967." However, no reporter's transcript was brought up and the briefs indicate that the failure is not inadvertent.

## II.

United posted a surety bail bond in the sum of $2,750 on behalf of the defendant Jackie Kenneth Donaldson in the

principal criminal action. For his failure to appear on December 29, 1965, his bail was ordered forfeited.

On June 22, 1966, United filed its motion to vacate forfeiture and to exonerate bond. The district attorney waived notice and consented to the motion being heard at 10 a.m. on that very date. The motion was supported by a purported affidavit of noncollusion executed by Richard H. Savage on behalf of United. It lacked a jurat to serve as an affidavit, and place and date of execution to serve as a declaration. (Code Civ. Proc., §§ 2003, 2015.5.) There was also attached a purported undated declaration by Joey Dorando, bail agent, which had attached to it an unsworn letter dated June 7, 1966, from the Brevard County Sheriff's Department, Titusville, Florida. The letter from the Florida sheriff's office stated: ''The records of the Brevard County Jail reveal that JACKIE DONALDSON, was brought to the jail by the F.B.I. on 4-12-66 at 1345 hours. He was released on 4-24-66, on Surety bond by Keefe Bonding Agency. He appeared in court on 6-6-66, trail [sic] was continued for 30 days.'' The clerk's minutes of June 22, 1966, record no appearances either for the People or United. The minutes merely state: ''Motion of the Bonding Company to vacate bail forfeiture and exonerate bail is submitted.''

On August 17, 1966, United noticed another motion for vacation of bail forfeiture and exoneration of bond to be made on August 18, 1966. To this notice, it attached a letter from the bail agent addressed to the court which stated in part: ''Since the time of the forfeiture I have called Keefe bonding several times. They refered [sic] me to the police department of Titisville [sic], Florida. . . . I recieved [sic] the information through the records that Jackie Kenneth Donaldson has a thirty day continuance on his case. It was then through me that he was apprehended.''

On August 19, 1966, the court made a minute order resubmitting the motion for 30 days. No appearances for either side are shown.

On September 15, 1966, United made another motion. The minute order states that the motion ''is resubmitted and is calendered [sic] for December 15, 1966.'' The notice of motion, dated September 14, 1966, but filed September 16, 1966, contains a waiver of notice and consent by the district attorney to the motion being heard on September 15, 1966. To the notice is attached another defective affidavit of noncollusion executed by Richard H. Savage on behalf of United. There is

also appended the bail agent's letter typed on his letterhead showing a Los Angeles address and dated September 14, 1966. It is addressed to the court and reads: "Though [*sic*] the efforts of me, Joey Dorando, the Federal Bureau of Investagation [*sic*] apprehended Jack Kenneth Donaldson. They booked him at the local jail in Titisville [*sic*], Florida. He was then bonded by Keefe bonding agency. [ ¶ ] I have contacted Chief Bates on several occasions regarding Mr. Donaldson. I requested information as to when the defendant would return to court in Titisville [*sic*], Florida. I was informed he would return in the latter part of November, 1966. [ ¶ ] I had intentions of apprehending him in Florida, but I was informed that under similar circumstances a bondsman and investagator [*sic*] are now facing prosecution for kidnapping. [ ¶ ] I therefore request that the court set aside forfeiture and exonerate the bond." Above his signature appear the words, "Under penalty of perjury."

What appears to be a telegram from the bail bondsman in Florida to Dorando, dated August 24, 1966, is also attached. It reads: "Ref Jackie Donaldson case set over October 24 1966 in a.m. Chief Bates Sheriffs Department will prepare info to you upon return from vacation 29th August 66."

On December 15, 1966, United filed another notice of motion to set aside the forfeiture and to exonerate bond to be heard that date. A purported "affidavit of non-collusion" executed by Richard H. Savage on behalf of United is attached to the notice; it, too, was defective in the same respects as those attached to the notices of motion filed June 22, 1966, and September 16, 1966. An undated note to the court signed by Dorando is attached; it read: "November 30, 1966, I, Joey Dorando contacted Titisville [*sic*], Florida regarding Jackie Kenneth Donaldson. The Municipal Court Clerk, Liza Frace, of Florida informed me that the case of Mr. Donaldson has been continued to January 9th of 1967."

The clerk's minutes for December 15, 1966, show the appearance of a deputy district attorney and state that the motion "is resubmitted and continued to February 1, 1967 at 9 AM."

On February 1, 1967, United renewed its motion. The notice dated January 30, 1967, but reflecting no filing stamp, contains a waiver of notice and a consent to hearing by the district attorney. Another defective affidavit of noncollusion executed by Richard H. Savage was appended to the notice of motion. In this notice and Savage's "affidavit" the date of

bail forfeiture is given as December 27, 1965. Also attached was a purported "affidavit of defendant" (declaration), defective because no place within this state or date of execution is stated. Between the typewritten opening paragraph and the three typewritten concluding paragraphs are writings in longhand, which appear to be those of Alfred Borenstein, attorney for United, and of the defendant. Above the signature "Alfred Borenstein" appear the following in longhand: "Def. was a skip. Bail Bondsman discovered Def. Location at Titisville, Florida and the F.B.I. picked up Def. Based upon this information." Then follows in what appears to be defendant Donaldson's hand: "I paid my Lawyer everything I could. My Lawyer refused to come to Court unless I paid more money. I had no more money to pay her. The Public Defender was appointed for me, then was withdrawn. I was frightened and felt I had no chance to defend myself so I left. The Bondsman knew nothing about my leaving. I went home to Florida."

The clerk's minute order of February 1, 1967, reflects appearances of a deputy district attorney for the People, a deputy public defender for the defendant Donaldson, and A. Borenstein for United. It recites, "Motion to exonerate bail forfeiture under submission."

The order of February 9, 1967, entered *nunc pro tunc,* shows an appearance of "A. Borenstein for Surety Company" and states: "Motion to set aside bail forfeiture denied."

### III.

The statute setting forth the requirements to empower a court to set aside a bail forfeiture reads in the part relevant to this case: "If within said 180 days after such entry [of forfeiture] in the minutes . . . it be made to appear to the satisfaction of the court that the defendant is . . . physically unable . . . by reason of detention by civil or military authorities, to appear in court at any time during said 180 days, and that the absence of the defendant was not with the connivance of the bail. . . ." (Pen. Code, § 1305.) The provisions of the statute are jurisdictional. (*People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459. 358 P.2d 915] ; *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208] ; *People* v. *Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773, 782 [68 Cal.Rptr. 389].) The burden is upon the bonding company seeking to set aside the forfeiture to establish *by competent evidence* that its case falls within the four corners

of these statutory requirements. (*People* v. *Niccoli* (1951) 102 Cal.App.2d 814, 819 [228 P.2d 827].)

One requirement is that the showing of excuse must be made to the satisfaction of the court within the 180-day period. Hence, it was held that a forfeiture cannot be set aside where the hearing was continued to a date falling beyond the jurisdictional period. (*People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 153-154 [51 Cal.Rptr. 212].) It is doubtful whether the purported affidavits or declarations of United's attorney-in-fact, Savage, and of the bail agent, Dorando, were in such form whereby the affiants or declarants could be held for perjury. (*People* v. *Gilbert* (1963) 217 Cal. App.2d 662, 666 [31 Cal.Rptr. 920]; cf. *Palm Springs Alpine Estates, Inc.* v. *Superior Court* (1967) 255 Cal.App.2d 883, 888 [63 Cal.Rptr. 618]; *Hicks* v. *Hicks* (1968) 264 Cal.App. 2d 890, 893-894 [70 Cal.Rptr. 878].) While a one-time omission might be overlooked as inadvertent (*People* v. *United Bonding Ins. Co.* (1966) 240 Cal.App.2d 895, 896, fn. 2 [50 Cal.Rptr. 198]), the same bonding company committed the same error more than two years later in this case, not once, but six times: twice with its notice of motion dated June 22, 1966, the third time with its notice of motion dated September 14, 1966, the fourth time with its notice of motion of December 15, 1966, the fifth and sixth times with its notice of motion dated January 30, 1967. The repetitive errors cannot be characterized nor condoned as excusable neglect. In this case the two purported affidavits or declarations attached to the notice of motion dated June 22, 1966, did not constitute competent evidence and could have been ignored (*Bonelli* v. *Chandler* (1958) 165 Cal.App.2d 267, 274 [331 P.2d 705].) No other proof was presented within the 180-day period which terminated on Monday, June 27, 1966.

Furthermore, Penal Code, section 1305 requires that in this case the bonding company make a showing that defendant was physically unable to appear in court "at any time" between December 29, 1965, and June 27, 1966, because of being in custody of foreign civil authorities. Even if we were to treat the letter from the Brevard County Sheriff's Department, dated June 7, 1966, as competent evidence, it shows that defendant was brought to Brevard County jail by the F.B.I. on April 12, 1966; that he was released on bail posted by the Keefe Bonding Agency, on April 24, 1966; that he appeared in court on June 6, 1966, and that his trial was continued for 30 days. During the time that defendant was on bail here or in Florida, he is deemed to be in the custody of his respective

bail. (*People* v. *Stuyvesant Ins. Co.* (1968) *supra*, 261 Cal. App.2d 773, 775 and cases cited.) The proof, therefore, fails to show that defendant was physically unable to put in an appearance before the court here at any time during the 180-day period. There is nothing to show why United could not have arranged with the Keefe Bonding Agency to fly defendant to Los Angeles for the purpose of getting its bail forfeiture set aside. The detention by the Florida civil authorities must be established as the actual cause preventing defendant's appearance in court. (Cf. *People* v. *Wojick* (1963) 223 Cal. App.2d 1, 4 [35 Cal.Rptr. 680].)

United's brief speaks of the defendant contesting extradition in Florida, but nothing in the record before us establishes that as the reason why he was not returned immediately to California. The record is silent as to the reasons why he had to appear in the Florida courts. Statements of purported facts not disclosed by the record should not be made in briefs. (*Electric Equipment Co.* v. *Heineman* (1935) 7 Cal.App.2d 292, 294 [45 P.2d 830].) Appellate courts cannot act upon assertion of facts in briefs if they are not disclosed by the record. (*Fireman's Ins. Co.* v. *Indermill* (1960) 182 Cal.App. 2d 339, 342 [6 Cal.Rptr. 469]; *Jones* v. *Evarts* (1952) 114 Cal.App.2d 496, 499 [250 P.2d 71] ; *Evarts* v. *Myers* (1952) 112 Cal.App.2d 210, 213 [245 P.2d 1119].) Even if the assertion in the brief were supported by the evidence. we note that in *Vatcher* v. *Egas* (1929) 100 Cal.App. 99, 102 [279 P. 1029], the court held that flight by one released on bail to a foreign jurisdiction and his invoking the right to fight extradition back to this state constitutes a contingency against which the bail obligated itself to the People.

United, thus, has failed completely to bring itself into the ambit of the provisions of section 1305 of the Penal Code, which would entitle it to have the bail forfeiture vacated and set aside.

IV.

The attempted appeals by defendant Donaldson and by Dorando are dismissed; the order denying United's motion to vacate the bail forfeiture is affirmed.

Kaus, P. J., and Stephens, J., concurred.