Filed 3/1/16  P. v. Financial Casualty & Surety CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062081 |
| v. | (Super.Ct.No. SWF1300416) |
| FINANCIAL CASUALTY & SURETY, INC., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.

Affirmed.

John M. Rorabaugh for Defendant and Appellant.

Gregory P. Priamos, County Counsel, Anita Willis, Karin Watts-Bazan, and Lisa

Traczyk, Deputy County Counsel, for Plaintiff and Respondent.

Penal Code section 1305, subdivision (a)(4) provides that the trial court can forfeit

bail if a defendant fails to appear, without sufficient excuse, on any occasion when his or

her presence in court is "lawfully required."

1

Penal Code section 977, subdivision (b)(1) provides: "[I]n all cases in which a felony is charged, . . . [t]he accused shall be personally present at all . . . proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ."

Criminal defendant William Curtis Floyd III (defendant) failed to appear at a felony settlement conference. The trial court ordered his bail forfeited. Financial Casualty & Surety, Inc. (Financial), which had posted his bail bond, moved to vacate the forfeiture, but the trial court denied the motion.

Financial appeals, contending that the defendant's presence at the settlement conference was not lawfully required. The People respond that:

1. The defendant's presence was lawfully required by Penal Code section 977, subdivision (b)(1).

2. The defendant's presence was lawfully required because the trial court had ordered him, orally in open court, to appear at the settlement conference.

3. The bail bond itself recited that the defendant had been ordered to appear on the date of the settlement conference, and therefore Financial is judicially estopped to deny that his presence was lawfully required.

While this appeal was pending, the California Supreme Court held that, whenever a defendant is required to be "personally present" under Penal Code section 977, subdivision (b)(1), then his or her presence is "lawfully required" for purposes of bail forfeiture under Penal Code section 1305, subdivision (b)(4). (*People v. Safety National*

2

*Casualty Corporation* (2016) 62 Cal.4th 703, 708 (*Safety National*).) Here, then, the defendant's presence at the settlement conference was required by Penal Code section 977, subdivision (b)(1). Hence, we will affirm. We need not address the People's other contentions.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2013, the defendant was arraigned. He was personally present, in custody. The trial court set bail in the amount of $25,000. It also scheduled a felony settlement conference for May 29, 2013. It stated, "Mr. Floyd, you'll remain remanded, ordered transported May 29th . . . ." The clerk's minute order recited, "Defendant ordered to return on any and all future hearing dates."

On May 24, 2013, Financial issued a $25,000 bond for the defendant. The bond recited, "Defendant . . . having been . . . ordered to appear in the above entitled court, on 05/29/13 . . . [¶] Now, [Financial] . . . undertakes that the above-named defendant will appear in the above-named court on the date above[] set forth . . . and will at all times hold him/herself amenable to the orders and process of the court . . . ."

On May 29, 2013, the date set for the felony settlement conference, the defendant did not appear. His counsel represented that he had had no contact with the defendant. The trial court declared bail forfeited.

Financial filed a motion to vacate the forfeiture and exonerate bail. It argued that the defendant had not been lawfully required to be present on May 29, 2013.

3

In their opposition, the People argued that the defendant was lawfully required to be present on May 29, 2013:  (1) because the trial court had ordered him to be present, and (2) by operation of Penal Code section 977.

The trial court denied the motion.  It did rule that the motion was not untimely.  It expressed the opinion that Penal Code section 977 requires a defendant to be personally present at a felony settlement conference, but it declined to resolve the motion on that ground.  Rather, it ruled that the defendant had been specifically ordered to be personally present.

II

THE EFFECT OF PENAL CODE SECTION 977

Financial contends, among other things, that Penal Code section 977 did not require the defendant to be present at the settlement conference.

In *Safety National*, the California Supreme Court held that "[Penal Code] section 977(b)(1)'s requirement of personal presence at 'all other proceedings' gives rise to a 'lawfully required' appearance under [Penal Code] section 1305(a)."  (*Safety National*, *supra*, 62 Cal.4th at p. 703.)  Here, the defendant had not executed a written waiver of his right to be present.  Moreover, he had no sufficient excuse for his failure to appear.  Hence, his presence at the settlement conference was lawfully required and the trial court properly forfeited his bail.

III

DISPOSITION

The order appealed from is affirmed.  The People are awarded costs on appeal.

(Cal. Rules of Court, rule 8.278(a)(1) ["[T]he party prevailing in the Court of Appeal in a

civil case other than a juvenile case is entitled to costs on appeal."]; see *People v. United*

*Bonding Ins. Co.* (1969) 272 Cal.App.2d 441, 442 ["Forfeiture of bail [is] an independent

proceeding, civil in nature and collateral to the criminal action . . . ."].)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.