Filed 8/30/21  Seaview Ins. v. County of Lassen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| SEAVIEW INSURANCE COMPANY, | C092240 |
| Plaintiff and Appellant, | (Super. Ct. No. JC62905) |
| v. | |
| COUNTY OF LASSEN, | |
| Defendant and Respondent. | |

Appellant, Seaview Insurance Company (Seaview),[1] appeals the summary judgment entered on a $62,500 bail bond.  Seaview contends the trial court erred in denying its request to toll the appearance period under Penal Code[2] section 1305, subdivision (h), as the statute does not require a surety to attempt to surrender or arrest defendant during the extradition process.

---

[1]    Many of the actions taken in the trial court were taken by Seaview's bail agent, Aladdin Bail Bonds.  As the distinction between the bail agent and the surety is not relevant to the issues raised in this appeal, we will refer to them jointly as Seaview.

[2]    Undesignated statutory references are to the Penal Code.

1

After augmenting the record on our own motion, we requested supplemental briefing from the parties addressing whether two orders extending and tolling the appearance period, respectively, were in excess of jurisdiction; and, whether bail was exonerated by operation of law when the trial court failed to enter summary judgment within 90 days of the expiration of the appearance period.  Seaview agrees the orders were in excess of jurisdiction, but argues given the parties' lack of objection, the orders should not be considered void.  Seaview goes on to argue that if the orders are considered void, the failure to enter summary judgment within 90 days of the expiration of the appearance period exonerated the bond by operation of law.  The County of Lassen (County) has not filed any responsive briefing.  We conclude the trial court acted in excess of jurisdiction when it extended and tolled the appearance period, and bail was exonerated by operation of law when the trial court failed to enter summary judgment within 90 days of the expiration of the appearance period.  Based on this conclusion, we do not address the issue of statutory interpretation.  The summary judgment is reversed, and the matter is remanded.

BACKGROUND

Seaview posted a bond guaranteeing the appearance of Jose Cruz-Ramirez at further proceedings in his criminal case.  Cruz-Ramirez failed to appear as ordered at a January 9, 2018 hearing.  The trial court ordered bail forfeited and mailed notice of forfeiture the next day.  The appearance period was set to expire on July 16, 2018.[3]

Seaview timely filed a motion to extend the appearance period under section 1305.4.  The trial court granted the motion and extended the appearance period to November 16, 2018.  On November 13, 2018, Seaview timely filed a second motion to extend the appearance period under section 1305.4, seeking an extension to February 10,

---

[3]    The appearance period is 180 days from the date the notice of forfeiture is mailed, plus five days for mailing the notice of forfeiture.  (§ 1305, subds. (b)(1) & (c)(1).)

2019.[4]  On November 29, 2018, the trial court granted the extension to February 19, 2019, eight days beyond the allowable 180 days.

On February 19, 2019, Seaview filed a motion to vacate the forfeiture under section 1305, subdivision (g), or to toll the appearance period under section 1305, subdivision (h), as Cruz-Ramirez had been located in Mexico and temporarily detained by a local law enforcement official.  The district attorney's office indicated it would seek extradition of Cruz-Ramirez.  The hearing on the motion to toll was set for March 27, 2019.  There is no record of a hearing on March 27, 2019.  On April 8, 2019, Seaview filed a second identical motion to vacate the forfeiture or toll the appearance period.  The hearing on the motion to toll was set for April 30, 2019.  On April 30, 2019, the trial court purported to grant the motion to toll under section 1305, subdivision (h), to October 28, 2019.

On October 28, 2019, Seaview filed a second motion to toll the appearance period under section 1305, subdivision (h).  The district attorney's office agreed the appearance period should be tolled for an additional 180 days under section 1305, subdivision (h).  The hearing was set for December 10, 2019.  At the December 10, 2019 hearing, the trial court inquired about "affirmative efforts to surrender" Cruz-Ramirez and denied the motion.  The trial court entered summary judgment on February 10, 2020.

## DISCUSSION

In response to our request for supplemental briefing, Seaview acknowledges the November 29, 2018[5] and April 30, 2019 orders extending and tolling the appearance

---

**4**    The notice of motion cover sheet indicates it was requesting an extension to February 19, 2019, but the points and authorities repeatedly requests an extension to February 10, 2019.

**5**    The request to augment inadvertently identified the relevant order as the August 14, 2018 order.  It is clear, however, from Seaview's response, it understood the

3

period were in excess of jurisdiction, but claims given the parties' lack of objection to the orders, the parties may be estopped from challenging those orders, and contends the orders should not be considered void.  Seaview goes on to argue that if the orders are considered void, then the failure to enter summary judgment within 90 days of the expiration of the appearance period exonerated the bond.  Despite having been granted its requested extension of time to file a responsive brief, and our explicit request for supplemental briefing, the County has filed no pleadings either in support of the trial court's orders or conceding any errors.

*General Statutory Background*

" 'The statutory scheme governing bail forfeitures is found in . . . section 1305 et seq.  These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction.  [Citation.]' [Citation.]  Where the bail statutes ' " 'require[] a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to perform subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' " '  [Citations.]  Because of the harsh results of a forfeiture and the jurisdictional nature of statutory compliance, appellate courts carefully review the record to ensure strict statutory compliance.  [Citation.]" (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 998-999.)  "Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void.  [Citations.]" (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 16.)

*Motion to Extend Appearance Period*

Under section 1305, the court must declare the bail forfeited on the first date defendant fails to appear as ordered, provided a criminal complaint has been filed

---

question to be as to the November 29, 2018 order as that is the order which extended the appearance period to February 19, 2019.

charging defendant. (§ 1305, subd. (a)(1)-(2); *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657 (*American Contractors*).) Once forfeiture is declared, the surety that posted the bond has a period of 185 days after the clerk of the court mails a notice of forfeiture to move to vacate forfeiture and exonerate the bond, the "appearance period." (§ 1305, subd. (c)(1); *American Contractors*, at p. 657.) The surety may seek an extension of the appearance period, which the trial court may grant upon a showing of good cause, for no more than 180 days from the date the trial court orders the extension. That is, the extension must be calculated "from the date of the trial court's extension order, not from the end date of the initial appearance period." (§ 1305.4; *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 43 (*Financial Casualty*).)

The surety's motion seeking the extension of the appearance period must be filed within the initial appearance period. (*People v. The North River Ins. Co.* (2017) 18 Cal.App.5th 863, 871.) Section 1305, subdivision (j) provides a tolling period of 30 days or more, upon a finding of good cause, in which a timely motion may be heard. (*County of Los Angeles v. Allegheny Casualty Co.* (2017) 13 Cal.App.5th 580, 584.) However, that "grace" tolling period of section 1305, subdivision (j) applies only to the first motion to extend, not to subsequent extension motions. (*Allegheny Casualty Co.*, at pp. 586-587.) "A court may extend the appearance period for fewer than 180 days, but if it does so, and if the surety seeks any additional extensions, 'the total allowable extension is [still] limited to 180 days *from the date of the first extension order*, regardless of how many individual extensions the court orders.' ([*Financial Casualty*]*, supra*, 2 Cal.5th at p. 46, fn. 2.) This interpretation balances competing concerns: It accords sureties ample time to investigate and seek relief from a forfeiture but does not create the incentive for sureties to seek multiple, piecemeal extensions, each with its own 30-day grace period." (*North River Ins. Co.*, at pp. 863, 871-872.) The trial court lacks authority to order further extensions beyond the 180-day period. (*Allegheny Casualty Co.*, at pp. 585-588.)

5

Here, the trial court's order extending time to February 19, 2019, was in excess of its jurisdiction. Notice of bail forfeiture was sent on January 10, 2018. The 185-day appearance period expired on July 13, 2018. Seaview filed a timely motion to extend the appearance period on July 10, 2018. On August 14, 2018, the trial court granted Seaview's motion to extend the appearance period to November 16, 2018, an additional 94 days. Seaview timely filed a second motion to extend on November 13, 2018. On November 29, 2018, the trial court purported to grant Seaview's second motion to extend, extending the appearance period to February 19, 2019, for a total extended appearance period of 189 days. The maximum extended appearance period is 180 days. Calculated from August 14, 2018, the trial court was only authorized to extend the appearance period to February 11, 2019. The trial court's order extending the appearance period beyond the 180-day statutory period of February 11, 2019, was an act in excess of jurisdiction. The appearance period expired on February 11, 2019.

*Motion to Toll Appearance Period*

If a defendant flees to a foreign country, the surety may seek an order tolling the appearance period pursuant to section 1305, subdivision (h),[6] which provides: "[I]f the bail agent and the prosecuting agency agree that additional time is needed to return the defendant to the jurisdiction of the court, and the prosecuting agency agrees to the tolling of the 180-day period, the court may, on the basis of the agreement, toll the 180-day period within which to vacate the forfeiture. The court may order tolling for up to the length of time agreed upon by the parties."

---

[6]    In order to get relief under section 1305, subdivision (h), the surety must make a showing that the conditions outlined in section 1305, subdivision (g) have been met. That the surety made a sufficient showing under section 1305, subdivision (g) is not disputed in this case.

6

In the legal context, to toll the period is to " 'stop from running,' 'to abate,' or to 'suspend.' [Citations.]" (*People v. Leiva* (2013) 56 Cal.4th 498, 507.) " '[T]olling' is properly analogized to the stopping and restarting of a clock." (*Ibid.*; *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 674 [in context of statute of limitations].) That is, the period is suspended during the tolling, and when the tolling ceases, the days remaining begin to be counted. (*Woods v. Young* (1991) 53 Cal.3d 315, 326, fn. 3.)

Based upon information that Cruz-Ramirez was in Mexico, on February 19, 2019, Seaview filed a motion to toll the period under section 1305, subdivision (h). Although the motion was filed within the period that the trial court purported to extend the appearance period to, it was, in fact, filed eight days after the expiration of the appearance period. Accordingly, there was no time left on the appearance period to toll, it had already expired. A court cannot extend or toll an appearance period that has already expired. (See *People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 312 [citing a previous version of the statute in which the grace period now in subd. (j) was in subd. (i)]; see also *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 651-652 [addressing tolling of a statute of limitations, "Tolling can only suspend the running of a statute that still has time to run; it cannot revive a statute which has already run out"].) Because the motion was filed after the expiration of the appearance period, no hearing should have been held on extending it. (*County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 796.)

Even if we were to consider the February 19, 2019 motion as timely based on the court's error, the motion to toll was filed on the day the appearance period expired. Hence, the "clock started running" again on February 19, 2019, and ran out of time that same day. "After that date, the trial court was without jurisdiction to consider the motion, and could only order summary judgment on the bond under section 1306, subdivision (a)." (*People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 303 (*Topa Ins. Co.*).) The

7

motion to toll was not granted until April 30, 2019. At that point, the statutory appearance period had already run out, and again, there was nothing left to toll. By its explicit terms, section 1305, subdivision (h) only applies to tolling the 180-day appearance period. It does not provide for tolling after that period's expiration. The appearance period had expired before the order tolling it issued, rendering the order ineffective.

Seaview suggests the delay in granting the motion to toll was excused by the grace period of section 1305, subdivision (j). It was not. Generally, the grace period applies only to the first extension of time, not to multiple subsequent motions. (See *County of Los Angeles v. Allegheny Casualty Co., supra*, 13 Cal.App.5th at pp. 586-587.) We have found no authority, and Seaview has not offered any, suggesting that motions to toll filed after the first motion to extend the appearance period are entitled to the grace period.

Even if the grace period applies to motions to toll the appearance period made after the first extension of time, the grace period is 30 days; it expired on March 21, 2019. The February 19, 2019 motion was originally set for hearing on March 27, 2019, and then reset for hearing on April 30, 2019, both dates after the grace period expired. Although the grace period can be extended beyond 30 days on a showing of good cause, there is nothing in the record indicating the trial court had good cause for extending the time beyond the statutory deadline, nothing in the February 19, 2019 or April 8, 2019 motions indicated any cause for the delay, and there is no suggestion in the briefing as to what that good cause might have been. Thus, an extension of the grace period was not justified. (*County of Los Angeles v. American Bankers Ins. Co., supra*, 44 Cal.App.4th at pp. 796-797.) Accordingly, section 1305, subdivision (j) did not give the court jurisdiction to decide the motion to toll after the expiration of the appearance period. Once the 30-day period provided for in section 1305, subdivision (j) expired, the trial court no longer had jurisdiction to hear the motion to toll. (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1075, fn. 3 [trial court would have lost jurisdiction to hear motion

8

filed on last day of appearance period after the 30-day grace period].)  The motion to toll was filed on the last day of the appearance period, was not set for hearing until well after the expiration of the 30-day grace period, and no good cause was given for continuing the hearing to a later date.  By April 30, 2019, the appearance period had long since expired, as had any grace tolling period that might apply; there was simply no time left on the appearance period to toll.  Thus, the trial court's April 30, 2019 order granting the motion to toll was in excess of its statutory jurisdiction and was ineffective to toll the appearance period.  As the trial court had no jurisdiction to hear the motion to toll, the 90-day period for entering summary judgment commenced running at the end of the 180-day period. (*Topa Ins. Co., supra*, 32 Cal.App.4th at p. 303, fn. 7.)

*Estoppel*

As Seaview observes, " 'There is substantial authority for the proposition that a party who has invoked *or consented* to the exercise of jurisdiction beyond the court's authority may be precluded from challenging it afterward, even on a direct attack by appeal.' (2 Witkin, Cal. Procedure [(5th ed. 2008)] Jurisdiction, § 333[,] p. 949, italics added; see *In re Griffin* (1967) 67 Cal.2d 343, 347.)" (*People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1150, disapproved on other grounds in *Financial Casualty, supra*, 2 Cal.5th 35.)  Whether a party who seeks or consents to an action beyond the court's authority "shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy.  A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.'  [Citations.]  On the other hand waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases by other litigants. [Citation.]  Substantive rules based on public policy sometimes control the allowance or disallowance of estoppel." (*In re Griffin*, at pp. 347-348; see *County of Los Angeles v.*

9

*Ranger Ins. Co., supra*, 70 Cal.App.4th at p. 18.)  The relevant public policy concern here is that of avoiding forfeitures of bail bonds.  (*People v. Seneca Ins. Co*. (2010) 189 Cal.App.4th 1075, 1082.)  "Following the Anglo American legal maxim that 'equity abhors a forfeiture,' the law 'traditionally disfavors forfeitures and statutes imposing them are to be strictly construed.  [Citation.]'  [Citation.]  This rule applies to the forfeiture of surety bonds.  [Citation.]"  (*People v. Far West Ins. Co*. (2001) 93 Cal.App.4th 791, 795.)

"The burden is upon the party asserting an estoppel to prove all the elements constituting it."  (*Ware Supply Co. v. Sacramento Sav. & Loan Assn.* (1966) 246 Cal.App.2d 398, 407.)  " 'Generally, speaking, four elements must be present in order to apply the doctrine of equitable estoppel:  (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury [citations].'  (*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305.)"  (*People v. Stuyvesant Ins. Co*. (1968) 261 Cal.App.2d 773, 784.)  That is, estoppel applies when one party has induced the other party to conduct themselves in a particular manner that now unfairly exposes them to an "argument, claim, or defense against which the estoppel is sought."  (*City of Hollister v. Monterey Ins. Co*. (2008) 165 Cal.App.4th 455, 487; see also *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383.)  "Properly invoked, an estoppel will preclude a party from denying a fact where his own action has led another so to conduct himself that the latter would suffer harm if the truth were recognized."  (*Citizens Suburban Co. v. Rosemont Development Co.* (1966) 244 Cal.App.2d 666, 679.)

We note, the County has not made an estoppel claim, Seaview has.  That is, Seaview is attempting to assert estoppel as against its own actions.  This would be an unusual application of estoppel principles.

Moreover, in the specific circumstances of this case, the equitable considerations, including the public policy of avoiding forfeitures, do not warrant the application of estoppel. Seaview sought an extension of time to February 10, 2019. The record does not indicate it intended the trial court to act in excess of its jurisdiction by granting the motion to a date beyond the statutory time limit. Seaview then relied on the date the trial court set as the date on which the appearance period expired. As to the motion to toll, the record does not reflect that Seaview sought application of the grace period, or an extension of the grace period. There is no indication in the record that the trial court complied with section 1305, subdivision (j) and found good cause to extend the grace period. In short, the record does not reflect that Seaview acted in such a way as to induce the trial court to act in excess of its jurisdiction or that it intended to "trifle with the courts." Furthermore, we cannot conclude the trial court was ignorant of the facts or law. Rather, the facts are undisputed, and the trial court should have been at least equally aware of the jurisdictional deadlines imposed upon it under the relevant statutory scheme. (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. (Evid. Code, § 664; see *In re Johnson* (1965) 62 Cal.2d 325, 330; *People v. Sparks* (1968) 262 Cal.App.2d 597, 600-601)"].)

Finally, the County has provided us with no argument or authority that the trial court's April 30, 2019 order was within the trial court's jurisdiction or effectively tolled the statutory appearance period. Nor has the County suggested that it was induced to act or refrain from acting to its detriment in reliance on Seaview's actions. Nothing in the record suggests that Seaview induced the County to act or refrain from acting in any particular manner. To the contrary, Seaview sought a tolling, relying on the representation of the People that they would seek extradition. Had the People not elected to seek extradition, Seaview could have sought to have the forfeiture vacated and bond

11

exonerated under section 1305, subdivision (g).  Accordingly, we conclude the principles of estoppel do not preclude the determination that the trial court's April 30, 2019 order, entered after the expiration of the appearance period and any grace period under section 1305, subdivision (j), was in excess of the court's jurisdiction and did not effectively toll the appearance period.

*Summary Judgment*

When the appearance period, including any extension, has elapsed without the forfeiture having been set aside, the trial court has 90 days to enter summary judgment against the surety for the amount stated in the bond.  (§ 1306, subds. (a) & (c).)  If summary judgment is not entered within the 90-day statutory period, the court's power to enter summary judgment expires; and the bond is exonerated as a matter of law.  (§ 1306, subd. (c); *American Contractors, supra*, 33 Cal.4th at p. 658.)  The first day summary judgment can be entered is the day after the appearance period has elapsed.  (§ 1306, subd. (c); *American Contractors*, at p. 660.)  Sections 1305 and 1306 are considered jurisdictional prescriptions; " '[f]ailure to follow the[m] . . . renders a summary judgment on the bail bond void.'  [Citations.]" (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1492-1493.)  "If summary judgment is entered after expiration of the 90-day period, section 1306 expressly provides that the bond is exonerated.  (§ 1306, subd. (c) [' "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated" ']; [*Topa Ins. Co., supra*,] 32 Cal.App.4th [at p. ]303 [summary judgment void and bail exonerated as a matter of law since judgment entered several months after expiration of 90-day period].)" (*American Contractors*, at p. 661.)

As discussed, *ante*, the last day of the appearance period was February 11, 2019.[7] The first day on which summary judgment could have been entered was February 12, 2019, and the last was May 13, 2019. Summary judgment was not entered until February 10, 2020, approximately nine months after the expiration of the 90-day period. Thus, the summary judgment was void and bail is exonerated as a matter of law. (*Topa Ins. Co., supra*, 32 Cal.App.4th at p. 303.)

## DISPOSITION

The summary judgment is reversed. The matter is remanded to the trial court for further proceedings. Costs on appeal are awarded to appellant Seaview Insurance Company. (Cal. Rules of Court, rule 8.278(a)(1) ["[T]he party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal"]; see *People v. United Bonding Ins. Co*. (1969) 272 Cal.App.2d 441, 442 [bail forfeiture proceedings are civil in nature].)

/s/
BLEASE, Acting P. J.

We concur:


/s/
ROBIE, J.


/s/
KRAUSE, J.

---

[7] If we were to consider February 19, 2019, as the last day of the appearance period based on the trial court's erroneous order, that would change the calculation of the first day on which summary judgment could be ordered, but in this case would not change the result. If February 20, 2019 was the first day on which summary judgment could be entered, summary judgment would have had to have been ordered by May 21, 2019.